George Patterson v. The State.

No. 4287.   Decided November 22, 1916.

**Using Automobile—Consent—Statutes Construed—Words and Phrases.**

Where the owner of the automobile left the same in a garage and the owner of the garage authorized the defendant to use this particular automobile, he is not guilty of any violation of the law, and the word "owner" as used in the statutes is not exclusive.

Appeal from the County Court of Grayson.   Tried below before the Hon. Dayton B. Steed.

Appeal from a conviction of unlawfully using an automobile; penalty, six months confinement in the county jail.

The opinion states the case.

*J. S. Kone,* for appellant.—Cited Roberts v. Houston Motor Car Co., 188 S. W. Rep., 257.

*C. C. McDonald,* Assistant Attorney General. for the State.

DAVIDSON, Judge.—Appellant was convicted of using an automobile in violation of the statute without the consent of the owner, and given six months in the county jail.

There is but one real question presented for review.   The evidence shows appellant drove the car, and drove it without the consent of the owner, and even without his knowledge.   The owner went into the garage where he was in the, habit of leaving his car and left it in charge of the garage as usual; they took care of it for him, charging him so much per month, and when he drove in he ordered his car washed, and would call for it the next day.   When he went for his car he found it had been used and some injury done it.   The auto, it seems from the speedometer, had been driven about ten miles.

Appellant's defense or excuse for using it was that the man in charge of the garage authorized him to drive this particular car.   He wanted to drive a while around the streets and public thoroughfares.   The proprietor or party in possession of the garage at the time gave him this particular car and he drove it.   This is substantially the case.

It was contended by the State that the statute where it uses the word "owner" was exclusive, and that the use of the car without the consent of the owner in person could not excuse.   In other words, the ruling of the court was that the fact the proprietor of the garage turned over the car to appellant to drive, and that he used it under that authority, would not excuse him under the wording of the statute.   We do not agree with that contention.   Parties hiring an automobile from a garage, or using it by designation of the proprietor, ought to be excused from criminal punishment.   This matter ought to have been taken into

consideration in the trial of this case, and if the jury so believed there ought to have been a verdict of not guilty.

The judgment is reversed and the cause remanded

*Reversed and remanded.*

HARPER, Judge, absent.