### E. Z. HOGAN v. THE STATE.

No. 13007. Delivered February 12, 1930.
Reported in 24 S. W. (2d) 837.

The opinion states the case.

*J. R. Black* of Fort Worth, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for driving an automobile without the consent of the owner; punishment, a fine of one dollar.

Art. 1341, P. C. forbids one, in the absence of and without the consent of the owner, to wilfully operate the car of another on any public highway of this State. From the record we learn that Mrs. Wier stored her car in appellant's storage garage in the City of Fort Worth for a week, and it is claimed that during that time appellant drove and operated said car in violation of this statute. We are not in accord with appellant's contention that the owner or proprietor of such storage house, insofar as this alleged violation is concerned, stands in the relation of the owner or proprietor of the car while it

is in his care, or that he may use same for his purposes, or lawfully permit the use of such car by others without the consent of the owner. Such movement of the car in the storage house as is necessary in the conduct of the business, would not be classed as a wilful operation of the car; but we do not understand the holding of the case of Patterson v. State, 80 Texas Crim. Rep. 322, to give to the proprietor of such storage house the rights which would pertain to the owner of the car. In that case the proprietor of the storage house was not on trial, but the accused was shown to have been a person who had applied to the proprietor of such storage house for the hire or rent of a car, and had been given the car in question for his temporary use in response to such request. Manifestly such person could not be held to have wilfully driven a car without the consent of the owner, in the absence of some testimony showing that he knew the car did not belong to the owner of the storage house, who had rented same to him.

We are of opinion that one with whom a car is stored, has no more right to use it for his own purpose without the consent of the owner, than has any other person. In the instant case the facts satisfied the jury that the accused did so drive and operate said car.

The only special charge asked, was given. No exceptions to the court's charge appear. We think the court did not err in refusing to instruct the jury to return a verdict of not guilty, but on the contrary believe the facts sufficient to justify the jury's conclusion that appellant drove the car for his own purposes and use without Mrs. Wier's consent.

The judgment will be affirmed.

*Affirmed.*