Frank Harris v. The State.

No. 12934.   Delivered February 12, 1930.
Reported in 24 S. W. (2d) 836.

The opinion states the case.

*Bartlett & Newland* of Linden, and *O'Neal & Harper* of Atlanta, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Offense, the unlawful transportation of intoxicating liquor; penalty, one year in the penitentiary.

Officers went to appellant's residence in the nighttime and there waited for appellant, who came up in a few minutes in an automobile and drove into his garage. The officers there searched his car and found therein six quarts of whiskey. The appellant was an ante bellum negro more than eighty years old and claimed that the whiskey found was for medicinal purposes, supporting same with the testimony of some of the members of his family, together with that of a physician.

The legality of the search of appellant's car and premises is made the subject of several bills of exception. Admitting the search was illegal we think the only inference that can be drawn from appellant's testimony is to the effect that he admitted possession of the whiskey

in controversy, claiming that same was possessed and transported for medicinal purposes. Having admitted the possession of the whiskey, the error, if any, of the Court in admitting the testimony of the officers touching the result of the search was thus rendered harmless. 4 Texas Jurisprudence, Sec. 414; Ross v. State, 11 S. W. (2nd) 516.

This record shows that among those on the jury was one Homer Waters who on his voir dire examination stated that he knew of no facts in the case that would render him biased or prejudiced, that he knew of no reason why he could not go into the jury box and give the appellant a fair and impartial trial, that he had known the appellant for several years but there was nothing in said acquaintance that would prevent him from giving him a fair trial. It is alleged in the amended motion for new trial that after the case had been submitted to the jury that upon a vote as to the guilt or innocence of appellant part of the jury were for an acquittal and part for convicting, and that at such time "the juror Waters stated that if those holding out for an acquittal knew the defendant as well as he, Waters, knew him, that they would not have any trouble about arriving at a verdict of conviction; that Waters was one of those who favored convicting the defendant." Testimony was adduced upon motion for new trial in support of this allegation and without consuming space in its recital, suffice it to say that it sufficiently established the truth of the allegation above quoted with reference to the statement of Waters. In fact Waters admitted making the statement but said "I told them to just dismiss what I had said and we would take the charge and go on." He further stated that he did not really know anything derogatory to appellant and that he doesn't know why he made such statement, that he didn't have any reason for it. While no definite, tangible fact was stated by the juror Waters, the inference is clear and unmistakable that he intended to convey to the jury the idea that he was in possession of facts which were detrimental to the appellant and would justify the jury in convicting him. He was reprimanded by some of the other jurors and desisted then from any further remarks. We can see no difference under the law in making a declaration of positive facts and in making a covert and veiled insinuation, as was done in this case, which clearly planted in the minds of the jurors the seeds of an insidious suspicion well calculated to ripen into a conclusion that the juror knew facts not testified to by witnesses, which justified the conviction of appellant. Moreover, it appears that this juror, if he

spoke the truth in the jury room, had misled appellant's counsel when he stated on his voir dire examination under oath that he had no bias or prejudice against appellant and knew no fact against him that would prevent him from according to him a fair and impartial trial. If he had made correct answers to the questions propounded to him touching his qualifications as a juror, as common fairness and his oath demanded, appellant would have been in position to protect himself. That he was a prejudiced juror seems plain from his own admissions. The record shows that after this statement was made the jurors agreed on a conviction. In the face of this evidence and in view of Art. 753, Subdivision 7, C. C. P., mandatorily requiring the granting of a new trial when the jury has received other evidence after retirement, we will not here speculate on the injury to appellant. The question has been too ofttimes decided to require discussion. Brown v. State, 101 Tex. Crim. Rep. 639; Howell v. State, 94 Tex. Crim. Rep. 563; Branch's P. C., Sec. 566; Henrie v. State, 41 Tex. 573; Branch's P. C., Sec. 565.

For this error the judgment is reversed and cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.