Jackie Vestal GARDNER, Appellant,

v.

The STATE of Texas, Appellee.

No. 1050–87.

Court of Criminal Appeals of Texas,
En Banc.

Nov. 8, 1989.

John H. Hagler, on appeal only, Dallas, for appellant.

John Vance, Dist. Atty. & Leslie McFarlane, Asst. Dist. Atty., Dallas, Robert Huttash, State's Atty.; Austin, for the State.

Opinion on State's Petition for
Discretionary Review

CAMPBELL, Judge.

Appellant was convicted of the offense of unauthorized use of a motor vehicle. V.T.C.A. Penal Code, § 31.07. Punishment was assessed at three years confinement in the Texas Department of Corrections. In a published opinion, the Fifth Court of Appeals reversed the judgment of the trial court and entered a judgment of acquittal, finding that there was insufficient evidence to support the conviction. *Gardner v. State*, 736 S.W.2d 179 (Tex.App.—Dallas 1987). We granted the State's petition for discretionary review to determine whether the "Court of Appeals erred in holding that the State must prove that the defendant knew that he did not have the owner's consent to drive an automobile before obtaining a conviction for unauthorized use of a motor vehicle."[1] We will affirm.

On August 23, 1986, appellant drove from Emory, Texas to Dallas, Texas to visit his father and to go on a date. He stopped at a friend's, "David's," where he met his date. After thirty to forty-five minutes appellant and his date left for Lake Ray Hubbard.

Appellant returned to Dallas the next morning to take his date home. After dropping his date off, he began experiencing engine trouble. Since he lived in Emory, Texas, some ninety miles away, he stopped at "David's" to try to fix his truck sometime around 5:00 a.m. Appellant testified that David loaned him a Camaro to go to an auto parts store and he further testified that he believed that David owned the car.

Officer David Alan Durica testified that, at approximately 5:30 a.m. on August 24th, 1986, appellant was stopped in Dallas County, Texas after failing to use his turn signal indicator. Appellant was driving a stolen 1986 Chevrolet Camaro at the time. The Camaro's license plates had been removed and replaced with paper license tags.

When questioned about the car, the appellant told Durica that he had borrowed the car from a friend named "David." Appellant gave David's phone number to the officer. Durica then had his dispatcher call the telephone number. The dispatcher asked the person at that number whether or not a person at that number owned a vehicle like the one appellant was driving, and whether or not that person knew the appellant. The person at that number denied knowing the appellant or giving him the car. After the person at that telephone number denied knowing him, appellant informed the officer that his truck was parked in the front yard of that address.

Durica testified that he then drove to the address of the appellant's alleged friend. Appellant remained handcuffed in the backseat of the police car while Durica investigated appellant's story. Durica discovered the appellant's truck parked in the back-

---

**1.** We granted discretionary review for the following reasons: (1) the Fifth Court of Appeals has decided an important question of law in conflict with the applicable decisions of this Court, *Musgrave v. State*, 608 S.W.2d 184 (Tex.Cr.App.1980) (opinion on rehearing). The decision in *Musgrave* also appears to be in conflict with this Court's decision in *Hogan v. State*, 24 S.W.2d 837 (Tex.Cr.App.1930). Tex.R.App.Pro. 200(c)(3); (2) the Fifth Court of Appeals has rendered a decision in conflict with another court of appeals, *see e.g., McQueen v. State*, 714 S.W.2d 142 (Tex.App.—Fort Worth 1986, pet. granted); *Guerrero v. State*, 666 S.W.2d 350 (Tex.App.—Corpus Christi 1984, no pet.); *Simonsen v. State*, 662 S.W.2d 607 (Tex.App.—Houston [14th Dist.] 1983, pet. ref'd); *Thomas v. State*, 646 S.W.2d 565 (Tex.App.—Houston [1st Dist.] 1982, no pet.). Tex.R.App.Pro. 200(c)(1); and (3) the justices of the Fifth Court of Appeals have disagreed on an important question of law necessary to their decision, *Gardner v. State*, 736 S.W.2d 179 (Tex.App.—Dallas 1987) (Rowe, J., dissenting). Tex.R.App.Pro. 200(c)(5).

yard. The doors of the truck were unlocked. Inside the truck were the license plates that had been removed from the Camaro. The person at that address denied knowing the appellant. Durica recalled asking the person at that address for the keys to the truck, but did not recall being given any keys. Appellant testified that he did not give the officers the truck keys. He testified that he had given David a set of keys. He retained an ignition key in his pocket. At appellant's request, his truck was impounded.

Durica was later called to testify by the appellant. Although he was not positive, Durica testified that he now recalled that he had gotten the keys to appellant's truck from the appellant. Durica was the officer who drove the truck from the backyard to the front yard to be towed. He stated he could not figure out the gear pattern at first and had trouble moving the truck. Durica also testified that the appellant was travelling in the opposite direction from the parts store for which he was allegedly destined when stopped by police. At trial, appellant waived his right to a trial by jury. Appellant also stipulated as to the ownership of the vehicle and the fact that he did not have the owner's permission to drive the car.

The Fifth Court of Appeals reversed appellant's conviction, holding that V.T.C.A. Penal Code, § 31.07 required the State to prove that the defendant knew that he did not have the owner's consent to drive an automobile before obtaining a conviction for unauthorized use of a motor vehicle. *Gardner*, 736 S.W.2d at 181–182. The Court of Appeals purported to follow this Court's holding in *Musgrave, supra.*

■ In its petition for discretionary review, the State argues that the Court of Appeals erred in its interpretation of *Musgrave, supra.* The State contends that

there is no requirement under *Musgrave* that the State prove that the defendant knew he did not have the owner's consent to drive an automobile to support a conviction under V.T.C.A. Penal Code, § 31.07. The appellant apparently concedes this argument by asking this Court to re-examine our decision in *Musgrave.*

As this Court noted in *Musgrave*, the unauthorized use of a motor vehicle prohibition contained in Section 31.07 is carried over from prior Penal Code art. 1341. *Musgrave*, 608 S.W.2d at 190. In *Musgrave, supra*, this Court was asked to determine the scope of V.T.C.A. Penal Code, § 31.07, which provides that:

(a) A person commits an offense if he intentionally or knowingly operates another's boat, airplane, or motor-propelled vehicle without the effective consent of the owner.

(b) An offense under this section is a felony of the third degree.

*Id.* This Court held that the State was required to prove that: (1) a person (2) intentionally or knowingly (3) operates an airplane, boat, or motor-propelled vehicle (4) without the effective consent of the owner. 608 S.W.2d at 189. Further, the *Musgrave* Court held that the mistaken belief that one has the consent of one authorized to give such consent does not create an additional element of the offense. *Id.* at 190. Thus, under *Musgrave*, the State was not required to prove the defendant knew he did not have the consent of the owner to operate a vehicle to sustain a conviction.[2]

The question before this Court is whether a culpable mental state is applicable to the fourth element under Section 31.07, to wit: "without the effective consent of the owner." The answer to this question may be illuminated by the examination of the applicable caselaw.

---

**2.** Significantly, the *Musgrave* Court held that the offense of unauthorized use of a motor vehicle could be proven by the same or less than all the facts necessary to prove theft. 608 S.W.2d at 190 (quoting *Neely v. State,* 571 S.W.2d 926 (Tex.Cr.App.1978)). In fact, the proposition in *Neely* that unauthorized use of a motor vehicle is a lesser included offense of theft would compel a contrary result than that reached in *Musgrave.* Cf. *McClain v. State,* 687 S.W.2d 350, 354 (Tex.Cr.App.1985). (The crime of theft requires the "forbidden conduct" element [exercise of control over property] and the knowledge of the circumstances surrounding the conduct—that the acquisition is without the owner's consent.)

In *Neely v. State,* 571 S.W.2d 926 (Tex. Cr.App.1978), the defendant was convicted of unauthorized use of a motor vehicle. The defendant contended that the evidence was insufficient to sustain his conviction since he had the permission of the owner when he took the car. He maintained that he could only be prosecuted under V.T.C.A. Penal Code, § 31.03 for theft. This Court held that the elements of the two offenses were the same except that Section 31.03 contained the additional element of intent to deprive the owner of property. 571 S.W.2d at 928. In examining *Neely,* we find nothing that authorized the holding in *Musgrave,* viz: that the State was not required to prove that defendant knew that he did not have the permission of the owner before obtaining a conviction under Section 31.07, *supra.*

In *Patterson v. State,* 189 S.W. 952 (Tex. Cr.App.1916), the defendant was charged with unauthorized use of a motor vehicle. The defendant had hired a vehicle from the owner of a garage without the knowledge that the garage owner was not the owner of the vehicle. In that case, this Court rejected the State's contention that defendant's mistaken belief would not constitute a valid defense under the statute. *Id.*

In *Hogan v. State,* 24 S.W.2d 836 (Tex. Cr.App.1930), the defendant was a storage garage owner who attempted to rely on *Patterson* for the proposition that a storage house owner stands in the place of the owner while the car is in his care and may make use of it without the consent of the owner. This Court distinguished *Hogan* by holding that the accused in *Patterson:*

> ... was shown to have been a person who had applied to the proprietor of such storage garage for the hire or rent of a car, and had been given the car in question for his temporary use in response to such request. Manifestly such person could not be held to have willfully driven a car without the consent of the owner, in the absence of some testimony showing that *he knew the car did not belong to the owner of the storage house,* who had rented same to him.

*Hogan,* 24 S.W.2d at 838. (emphasis added). *Contra Hunt v. State,* 89 Tex.Crim. 89, 229 S.W. 869 (1921). This Court in *Hogan* clearly contemplated that knowledge was a requisite element of art. 1341, now Section 31.07, *supra.*

Moreover, this interpretation is in keeping with the current statutory scheme concerning culpable mental states. V.T.C.A. Penal Code, § 6.03 recognizes that the material elements of offenses vary in that they may involve (1) the nature of the forbidden conduct or (2) the attendant circumstances or (3) the result of the conduct. *See generally Lugo–Lugo v. State,* 650 S.W.2d 72 (Tex.Cr.App.1983) (opinion concurring on state's motion for rehearing).

As Judge Roberts aptly stated in his concurrence in *Musgrave,* the majority opinion, while giving effect to the state of mind requirement as it relates to the conduct, ignored that requirement as it relates to the circumstances surrounding the conduct. 608 S.W.2d at 191. Judge Roberts reasoned:

> The offense of unauthorized use of a motor vehicle requires proof of the *forbidden conduct and the attendant circumstances* of the crime. The State had to show at a minimum that the appellant *knowingly* operated the motor vehicle of another (the conduct element) without the effective consent of the owner (the attendant circumstances element). Under the approach adopted by Section 6.03 the mental state requirement applies to the attendant circumstances element as well as to the conduct element of the offense. A person acts knowingly with respect to circumstances surrounding his conduct when he is aware that the circumstances exist. V.T.C.A. Penal Code, Sec. 6.03(b). In other words, *knowledge that the requisite external circumstances exist is an element of the instant offense.*

*Id.* (emphasis added). Section 31.07 is not a strict liability offense. *Lynch v. State,* 643 S.W.2d 737, 738 (Tex.Cr.App.1983). The so-called "forbidden conduct"—operating a motor-vehicle—is made unlawful only when the defendant is aware of the attendant

circumstances—that the operation of the vehicle is without the owner's consent.

This requirement is implicitly recognized in this Court's decisions in *Woodfox v. State*, 742 S.W.2d 408 (Tex.Cr.App.1987) and *Lynch, supra*. Both cases involved the defense of mistake of fact in a prosecution for unauthorized use of a motor-vehicle.

■ A mistake of fact defense is authorized under V.T.C.A. Penal Code, § 8.02(a) which provides that:

> (a) It is a defense to prosecution that the actor through mistake formed a reasonable belief about a matter of fact if his mistaken belief *negated the kind of culpability* required for commission of the offense.

*Id.* (emphasis added). A mistake of fact defense goes not to the "act," but, instead, to the attendant circumstances. It would be counter-intuitive to allow for a defense that would negate a defendant's mental culpability, yet not require that the State prove that the defendant was aware of the attendant circumstances that would trigger guilt under the statute.

We therefore hold that, in a prosecution under Section 31.07, supra, one of the elements to be proven by the State is the knowledge of the defendant that he did not have the consent of the owner to operate the boat, airplane or motor-propelled vehicle in question. To the extent that *Musgrave* is inconsistent with this holding, it is overruled.

The judgment of the Court of Appeals is affirmed.[3]

McCORMICK, P.J., and DAVIS, J., concur in the result.

BERCHELMANN, Judge, dissenting.

I dissent. I agree, however, with the majority that the State must establish a defendant's knowledge of the owner's lack of consent as an element of the offense in unauthorized use of a motor vehicle prosecutions. Tex.Penal Code Ann. § 31.07. I likewise agree with the majority that § 31.07 is not a "strict liability" statute.

I write this dissent because I believe a majority of this Court wrongly upholds the Court of Appeals' reversal of appellant's conviction. Specifically, I cannot agree that the "posture" of the State's petition for discretionary review fails to "join the issue" of sufficiency in this case. *Gardner v. State*, at 263 n. 3. In fact, sufficiency was "the sole point of error" presented in the Court of Appeals. *Gardner v. State*, 736 S.W.2d 179 (Tex.App.—San Antonio 1987). Simply put, we now unequivocally state that a defendant's knowledge of an owner's lack of consent is an element of a prosecution under § 31.07. This inextricably intertwines the sufficiency issue, necessitating a sufficiency review.

My review of the record reflects that the State sufficiently proved this and the other elements of § 31.07. I would, therefore, overrule the Court of Appeals' decision and affirm the judgment of the trial court.

The record is replete with evidence that appellant knew he did not have the owner's consent to operate the motor vehicle. First, appellant did not, in fact, have the owner's consent. I would characterize this alone as circumstantial evidence sufficient to support that appellant knew he did not have the owner's consent. *Butler v. State*, 769 S.W.2d 234 (Tex.Cr.App.1989). See also *Jackson v. Virginia*, 443 U.S. 307, 318–19, 99 S.Ct. 2781, 2788–89, 61 L.Ed.2d 560 (1979). Such an analysis does not make § 31.07 a strict liability statute, however, for the defendant is entitled to submission and consideration of a defensive charge where supported by the record. This distinction is clearly stated in *Lynch v. State*, 643 S.W.2d 737, 738 (Tex.Cr.App. 1983), wherein we stated that a defendant is entitled to a mistake of fact defense in § 31.07 prosecutions for "to hold such innocent use is no defense would be to make Sec. 31.07, supra, a strict liability offense." Were § 31.07 a strict liability statute, mistake of fact regarding an element of the

---

3. Because of the posture the State assumes in its petition for discretionary review with regard to the elements of proof under Section 31.07, and further since the State does not join the issue in its petition, we do not reach the question of overall sufficiency of the evidence.

offense would be irrelevant, as in, for example, a statutory rape prosecution.

In the case at bar, there is additional evidence, beyond that which I would require to find evidentiary sufficiency, that appellant knew he did not have the owner's consent. The stolen vehicle's license plates were found in appellant's vehicle. Appellant's story that he was "borrowing" the stolen car for transportation to an auto parts store is contradicted by the direction in which appellant was traveling. There is, undoubtedly, ample evidence upon which a rational trier of fact could have found the element of knowledge of lack of consent beyond a reasonable doubt. *Butler,* 769 S.W.2d 234. Because sufficiency is squarely before us, as it was the only issue before the Court of Appeals, I believe we should address the sufficiency issue and affirm the judgment of the trial court.

WHITE, J., joins.