**Arthur Lee SMITH, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. C14–88–1083–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Jan. 25, 1990.

Hazel R. Bolden, Houston, for appellant.

Alan Curry, Houston, for appellee.

Before PAUL PRESSLER, CANNON and ELLIS, JJ.

## OPINION

ELLIS, Justice.

Appellant, Arthur Lee Smith, appeals his judgment of conviction for the offense of Unauthorized Use of a Motor Vehicle. TEXAS PENAL CODE ANN. § 31.07 (Vernon 1989). The jury rejected appellant's not guilty plea and, upon finding the two enhancement paragraphs in the indictment to be true, assessed punishment at 50 years confinement in the Texas Department of Corrections. We affirm.

Appellant brings two points of error on appeal. In his first point of error, appellant submits there was insufficient evidence to sustain his conviction. In his second point of error, assigned by way of his supplemental brief, appellant contends the trial court erred in denying his motion for instructed verdict because the State failed to establish that appellant intentionally or knowingly operated a motor vehicle without the owner's consent. We consolidate both points of error in our treatment of the case.

At or about 6:30 a.m. on the morning of February 22, 1988, James Benson, the complainant, left his 1978 white Thunderbird unattended, in front of his apartment. The keys were in the ignition and the engine was running. Shortly thereafter, when Benson exited his apartment, he saw appellant behind the wheel of his Thunderbird, turning the car around. Benson ran after the car but did not catch appellant. Benson then called the Harris County Sheriff's Department from a nearby store. Officer Doorman responded to the call, interviewing Benson at his apartment. Benson described the man he saw take his Thunderbird as being a black man of slender build with no facial hair. Benson also gave Officer Doorman the Thunderbird's vehicle identification number and license plate number. The license plate number provided by Benson to Doorman was STT–341. This was inaccurate. The correct number was STJ–341.

At approximately 11:00 p.m. on February 22, 1988, Officer Joseph Zigmont, while on patrol, noticed that a white Thunderbird, driven by appellant, had a defective license plate light. Zigmont signalled the Thunderbird to pull over and radioed the dispatcher the license plate number of the car. The check of the license plate number of the Thunderbird driven by appellant revealed registration to an owner other than appellant. Since Benson had previously provided Officer Doorman with an inaccurate license plate number, there was no record that Benson's Thunderbird had been stolen. Zigmont asked appellant for his driver's license and proof of liability insurance. Appellant produced neither. Zigmont arrested appellant for not having a

driver's license, for not having proof of liability insurance and for a defective license plate light.

On March 2, 1988, Officer Doorman had occasion to describe Benson's car to Officer Zigmont. Zigmont then compared the vehicle identification number on the car contained in Officer Doorman's report with that contained in Zigmont's report. The identification numbers were identical. The single discrepancy between the two reports was that there were different license plate numbers involved.

Zigmont called Benson and told him that his car had been recovered. Zigmont asked Benson questions concerning the contents of the car to verify that the car actually belonged to him. Zigmont notified the wrecker service that it was storing a stolen vehicle. Charges were filed on appellant for unauthorized use of a motor vehicle and a warrant was issued for his arrest.

In his first and second points of error, appellant submits there was insufficient evidence to sustain his conviction. In particular, he asserts the State failed to discharge its burden of establishing appellant's mental culpability relative to operating a motor vehicle without the owner's consent. *Gardner v. State*, 780 S.W.2d 259 (Tex. Crim.App., 1989). When confronted with a challenge to the sufficiency of the evidence, an appellate court must determine whether, viewing the evidence in the light most favorable to the verdict, a rational trier of fact could have found all the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Butler v. State*, 769 S.W.2d 234, 239 (Tex.Crim.App.1989). The appellate courts ensure only the rationality of the fact finder, serving as a final due process safeguard. *Moreno v. State*, 755 S.W.2d 866 (Tex.Crim.App.1988). The jurors are the exclusive judges of the facts, the credibility of the witnesses, and the weight to be accorded their testimony. *Esquivel v. State*, 506 S.W.2d 613, 616 (Tex.Crim.App. 1974). It is not our place to second guess the determination made by the trier of fact. With this standard of review in mind, we turn to the instant case. Section 31.07 of the Texas Penal Code provides:

(a) A person commits an offense if he intentionally or knowingly operates another's boat, airplane, or motor-propelled vehicle without the effective consent of the owner.

(b) An offense under this section is a felony of the third degree. Tex.Penal Code Ann. § 31.07 (Vernon 1989).

The elements of the offense which the State was required to prove under section 31.07 are: (1) a person (2) intentionally or knowingly (3) operates an airplane, boat, or motor-propelled vehicle (4) without the effective consent of the owner. In the instant case, appellant insists the State failed to establish that he intentionally or knowingly operated a motor vehicle without the owner's consent, the fourth element of the State's case. The record establishes quite the reverse: the complainant testified he saw appellant driving away in complainant's Thunderbird on the morning the car was stolen; complainant actually chased after the Thunderbird for a minute and one-half but was unable to catch up with the car; he positively identified appellant at trial as the man he saw drive away in his Thunderbird on the morning of February 22, 1988; he testified he had not given appellant permission to drive his Thunderbird. Finally, appellant was found driving complainant's Thunderbird by Officer Zigmont on the evening of February 22, 1988, the same day that complainant had reported his Thunderbird stolen. Consistent with our duty to view the evidence in the light most favorable to the verdict, we find there is sufficient evidence from which a rational trier of fact could conclude that appellant knew he was operating the vehicle without the owner's consent. Appellant's points of error one and two are overruled.

Accordingly, we affirm the judgment of the trial court.