**Martin DEMARY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09–90–086 CR.**

Court of Appeals of Texas, Beaumont.

Oct. 17, 1990.

Hugh O'Fiel, Beaumont, for appellant.

Tom Maness, Dist. Atty. and John R. DeWitt, Asst. Dist. Atty., Beaumont, for the State.

OPINION

WALKER, Chief Justice.

This is an appeal from a conviction for the felony offense of Unauthorized Use of a Motor Vehicle. The case was tried by the

trial court. The indictment was enhanced by four prior felony convictions making appellant's status that of an habitual offender. The trial court assessed punishment at thirty (30) years in the Institutional Division of the Texas Department of Criminal Justice. Appellant properly perfected his appeal, from which he raises a single point of error: "The evidence in this case is insufficient to establish beyond a reasonable doubt that this Appellant perpetrated this offense; i.e., that Appellant had knowledge that he did not have the consent of the owner to operate the vehicle in question."

A detailed rendition of the facts elicited at trial is in order. On September 17, 1989, the victim, Mr. Richard Franks, drove his vehicle into the parking lot of a convenience store and exited the vehicle leaving the motor running. Mr. Franks noticed a man using a pay phone located not far from where he parked his car. He noticed no one else in the immediate area. Mr. Franks' business in the store took two to three minutes. When he exited the store, Mr. Franks noticed his vehicle was gone. The Beaumont Police were called and Officer Denice Wallace arrived at the store shortly thereafter. As Mr. Franks reported the details to Officer Wallace at the scene, a taxicab drove into the parking lot. Officer Wallace spoke to the cab driver and it was determined that the cab had been summoned only minutes before by someone at the store's location. The driver related that the fare wanted to be taken to someplace near Dowlen and Phelan streets in Beaumont. Officer Wallace then put out an "attempt to locate" for Mr. Franks' vehicle. Minutes later, Officer Vernon Clay spotted the vehicle heading north on Dowlen Road. The vehicle pulled into a parking lot and Officer Clay pulled in behind. The vehicle had the right front tire flat. The appellant was the driver and only occupant. Appellant was identified by his Texas Department of Corrections Inmate Card. Appellant was handcuffed and given his Miranda warnings as Officer Wallace informed Officer Clay that Mr. Franks did wish to file charges. While waiting for Officer Wallace and Mr. Franks to arrive at the scene of the arrest, appellant stated to Officer Clay that he (appellant) should not have taken the car because, "I'll be going back to the pen for life this time." Mr. Franks and Officer Wallace arrived at the scene and Mr. Franks positively identified the vehicle as being his. Mr. Franks was also questioned by Officer Clay as to whether Mr. Franks had loaned the vehicle to appellant. Mr. Franks denied that he gave appellant consent to operate the vehicle as Mr. Franks did not know appellant. Officer Wallace testified that at the arrest scene, she heard appellant say that he would be going back to the penitentiary because he was drunk and had stolen a vehicle.

Appellant took the witness stand in his own behalf and testified that he had been drinking that evening and had gone to the convenience store to summon a cab as appellant's father had given him ten dollars for the fare. Appellant admitted that he was extremely intoxicated at that time. Appellant testified that as he stood at the side of the store a "casual acquaintance" known to appellant as "Ronnie or Donnie or Johnny" addressed him. This person was standing next to a vehicle that was running and had the head-lights on. Appellant told the person that appellant was waiting for a cab to go home to change clothes. Appellant then offered the person ten dollars to drive appellant home and then drive appellant to a local night spot. Appellant testified that the person responded, "Man, I have to meet somebody at the bar, but you can use my car. I know you can use my car to run over there and come right back." Appellant testified that he gave the person the ten dollars and left in the car. Appellant admitted that in his intoxicated state he had trouble controlling the vehicle. This resulted in the flat tire as appellant swerved the vehicle into a curb causing the blowout. Appellant testified that at all times he felt that he had the owner's permission to be driving the vehicle. No other witnesses were called by either party to aid in corroborating appellant's version of the events, nor was "Ron-

nie or Donnie or Johnny" ever identified any further for the trial court.

The proper standard of review, where the sufficiency of the evidence to support a conviction is questioned, is found in *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), which states that a conviction will be affirmed if, after viewing the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. This rule has been adopted in Texas. *See, Thompson v. State*, 697 S.W.2d 413 (Tex.Crim.App.1985); *Wilson v. State*, 654 S.W.2d 465, 471 (Tex.Crim.App.1983).

■ Prior to the trial court's finding of guilt, appellant presented the trial court with the case of *Gardner v. State*, 780 S.W.2d 259 (Tex.Crim.App.1989). Appellant relies almost exclusively upon *Gardner* before this Court. We recognize that *Gardner* is a significant departure from what was perceived as the law with regard to unauthorized use cases. Prior to *Gardner*, proof by the State that a defendant *knew* that he did not have the consent of the owner of the vehicle to operate the vehicle appeared to be unnecessary in order to sustain a conviction. *See, Musgrave v. State*, 608 S.W.2d 184 (Tex.Crim.App.1980) (opinion on rehearing). The *Gardner* decision, among other things, now makes proof of such knowledge an additional element of the offense of unauthorized use of a motor vehicle. We agree with appellant's reliance upon *Gardner*, as far as it goes. The Court of Criminal Appeals in *Gardner* did affirm the Fifth Court of Appeals' reversal of the defendant's conviction, but the only issue the State raised in its petition for discretionary review was whether a culpable mental state is applicable to the fourth element of unauthorized use, to wit: "without the effective consent of the owner." TEX.PENAL CODE ANN. sec. 31.07 (Vernon 1989). *Gardner, supra,* at 261. Particular notice, however, should be taken of footnote 3 in *Gardner* which is located at the end of the opinion. It states, "Because of the posture the State assumes in its petition for discretionary review with re-

gard to the elements of proof under Section 31.07, and further since the State does not join the issue in its petition, we do not reach the question of overall sufficiency of the evidence." Therefore, while still a very significant decision, *Gardner* is limited in scope.

We find direction in a case decided the same day as *Gardner,* November 8, 1989, but delayed in being published by a motion for rehearing which was denied on December 13, 1989. The case is *McQueen v. State*, 781 S.W.2d 600 (Tex.Crim.App.1989). The facts in *McQueen* are like those in *Gardner* and those in the instant case in that when the alleged perpetrator of the unauthorized use is apprehended, his explanation is that a person whom he believed to be the owner gave him permission to drive the vehicle. In *McQueen*, the Court of Criminal Appeals concluded their opinion with the following language:

In the present case, the State proved at trial that appellant did not have the consent of Bobby Akin, the owner of the motorcycle, to operate the motorcycle. Akin's stipulated testimony that he had not given consent to appellant or anyone else to operate his motorcycle proved, *from a sufficiency standpoint* and as reflected by the fact finder's verdict, that the appellant knew he did not have Akin's consent. As to the evidence of appellant's mistake of fact concerning the circumstances surrounding appellant's operation of the motorcycle, i.e., that appellant believed the owner of the motorcycle was Tim Eden and that he had Tim Eden's consent to operate the vehicle, *the trial court was, as pointed out by the court of appeals, free to reject this evidence.*

(emphasis added). 781 S.W.2d at 604–05.

■ Echoing the language from *McQueen*, in the instant case the State proved that appellant did not have the consent of Mr. Franks to operate Mr. Franks' vehicle, and this evidence, in itself, is sufficient to prove that appellant knew that he did not have the owner's consent. In a non-jury trial, the trial court is the exclusive judge of the credibility of the witness-

es and the weight to be given their testimony, and he is authorized to believe or not believe any or all testimony of witnesses for either the State or the defendant. *Mattias v. State,* 731 S.W.2d 936, 940 (Tex. Crim.App.1987), *cert. denied,* 488 U.S. 831, 109 S.Ct. 86, 102 L.Ed.2d 62 (1988). As such, the trial court was free to reject appellant's version that appellant believed that "Ronnie or Donnie or Johnny" was the owner of the vehicle and had given appellant permission to drive it. Appellant's single point of error is overruled, and the judgment of the trial court is affirmed.

AFFIRMED.