Granger v. State 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-91-494-CR





JOHN W. GRANGER,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 




FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT



NO. 40,385, HONORABLE JOE CARROLL, JUDGE



 





PER CURIAM



 A jury found appellant guilty of unauthorized use of a motor vehicle. Tex. Penal
Code Ann. § 31.07 (1989). After finding that appellant had been previously convicted of four
felony offenses, the jury assessed punishment at incarceration for seventy-five years. We will
affirm the conviction. 

 The complainant, Gary Lohman, worked selling cars at a Chevrolet dealership in
Temple. On May 11, 1991, appellant and a woman drove into the dealership in a Ford Bronco. 
Appellant inquired about buying a Chevrolet pickup truck. Appellant wanted Lohman to estimate
the trade-in value of his Bronco while he test-drove the truck. Because appellant was unfamiliar
with the area, Lohman gave him directions for driving around the block. He gave appellant the
truck keys and watched appellant, accompanied by the woman, drive away in the truck. Lohman
testified that when he gave appellant the keys, he did not give appellant permission to take the
truck for more than a test-drive. Appellant never returned with the truck.

 In points of error one through four, appellant argues that the trial court erroneously
allowed the State to present an opening statement and evidence that revealed an extraneous
offense. In point five, appellant argues that the court erroneously refused to grant a mistrial when
the State argued based on the same evidence. The matters of which appellant complains show that
three days before this offense, appellant and a woman drove into a car dealership in Palestine,
asked to test-drive a Ford Bronco, and drove the Bronco away without returning it. Appellant
drove this Bronco to the Chevrolet dealership in Temple; he left the Bronco there when he drove
away in the dealership's pickup truck.

 Events do not occur in a vacuum, and the jury may have the offense placed in its
proper setting so that it can realistically evaluate the evidence. Mann v. State, 718 S.W.2d 741
(Tex. Crim. App. 1986); Albrecht v. State, 486 S.W.2d 97 (Tex. Crim. App. 1972). Also
admissible, even though it shows an extraneous offense, is evidence that shows a continuing
course of conduct or a common plan or scheme. Tex. R. Crim. Evid. Ann. 404(b) (Pamph.
1992); Etchieson v. State, 574 S.W.2d 753 (Tex. Crim. App. 1978); Collins v. State, 548 S.W.2d
368 (Tex. Crim. App. 1976). Evidence in this case that appellant drove the Bronco from the
Palestine dealership and left it at the Temple dealership places the offense in context and shows
that the offense was part of a continuing scheme or plan. Because the probative value of this
evidence outweighs the danger of prejudice, the trial court properly admitted it. Tex. R. Crim.
Evid. Ann. 403 (Pamph. 1992). Therefore, the trial court did not err in allowing the State to
make an opening statement based on the evidence. Any impropriety in the State's argument that
the Bronco was not appellant's car was cured by the court's instruction to disregard. We overrule
points one through five. 

 In point of error six, appellant complains of the trial court's refusal to give his
requested charge on mistake of fact. To convict appellant of unauthorized use of a motor vehicle,
the State had to prove that appellant knew he did not have Lohman's effective consent to operate
the truck. Tex. Penal Code Ann. § 31.07 (1989); Gardner v. State, 780 S.W.2d 259 (Tex. Crim.
App. 1989). If appellant through mistake reasonably believed that Lohman had consented to his
use of the truck, he was entitled to an instruction on mistake of fact. Tex. Penal Code Ann. §
8.02 (1974); Gardner, 780 S.W.2d at 263.

 Lohman testified that appellant wanted to test-drive the pickup truck around the
block while he estimated the trade-in value of the Bronco. Because the dealership was on a one-way street, Lohman explained how to drive around the block in either direction. Although
Lohman did not give appellant a specific time within which to return the truck, he communicated
to appellant that he should go for a short ride and be right back. Lohman understood the
arrangement between him and appellant to be that he was giving appellant the keys only to drive
the truck around the block. Lohman's testimony does not constitute any evidence that appellant
reasonably believed Lohman consented to his taking the truck for more than a test-drive. We
overrule point six.

 In point of error seven, appellant contends that the trial court erred in refusing to
grant a mistrial after allegedly improper jury argument. During her argument to the jury the
prosecutor stated: "So please Ladies and Gentlemen, look at the common sense approach. Don't
get in that mud and that cragmire [sic] and that swamp over there [defense counsel] has created --
." The trial court sustained appellant's objection that the comment struck at appellant over
counsel's shoulder and instructed the jury to disregard. 

 The context of the prosecutor's argument shows that she was asking the jury to
consider only the evidence relating to the elements of the offense. Appellant's counsel had
previously argued that the State had not proven that the pickup truck recovered in Sulphur Springs
was the same truck that appellant had driven from the Temple dealership. We believe the
prosecutor made the statement in answer to appellant's argument. Gorman v. State, 480 S.W.2d
188 (Tex. Crim. App. 1972). Any improper argument was cured by the trial court's instruction
that the jury disregard it. We overrule point seven.


 The judgment of conviction is affirmed.



[Before Chief Justice Carroll, Justices Aboussie and B. A. Smith; Chief Justice Carroll

 Not Participating]


Affirmed


Filed:  May 6, 1992


[Do Not Publish]