IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-93-492-CR





REGINALD PARKER,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT



NO. 0931191, HONORABLE MACE B. THURMAN, JR., JUDGE PRESIDING



 





PER CURIAM

 A jury found appellant guilty of unauthorized use of a vehicle. Penal Code, 63d
Leg., R.S., ch. 399, sec. 1, § 31.07, 1973 Tex. Gen. Laws 883, 932 (Tex. Penal Code Ann. §
31.07, since amended). The jury assessed punishment, enhanced by a previous felony conviction,
at imprisonment for nine and one-half years.

 On January 18, 1993, Gregory Okorn discovered that a pickup truck belonging to
him had been stolen from his place of business. On January 20, police officers found the stolen
truck parked in the driveway of the house at 1110 Mayhan in Austin. The house and lot are
owned by appellant's mother, Laveda Parker, and is the residence of Parker, appellant, and other
family members.

 Police officers watching the stolen truck from an unmarked vehicle saw appellant
and his mother arrive home. Shortly thereafter, appellant left the house, put a sofa in the bed of
the stolen truck, and drove away. Officers followed appellant on a circuitous route to a railroad
overpass on Ed Bluestein Boulevard. Appellant drove under the overpass and dumped the sofa. 
Realizing that he was being watched, appellant attempted to drive away but the truck became stuck
in mud. Appellant fled on foot but was soon apprehended.

 Appellant testified that he returned to Austin by bus on January 20 after spending
the weekend in Dallas. Appellant's mother met him at the bus station and drove him home. 
Appellant saw the truck parked in his mother's driveway and, looking inside, noticed that the
ignition switch was broken and the console "busted open." Appellant's mother told him that she
wanted the truck and sofa removed from her property. Appellant agreed to do this, starting the
truck with a screwdriver that had been inserted in the ignition switch for that purpose. Appellant
confirmed the accuracy of the police testimony describing his subsequent activities.

 Appellant testified that he did not know who owned the truck or how it came to be
in his mother's driveway. Appellant's niece testified that she saw a "Mexican fella" park the truck
in the driveway on the morning of January 20.

 Appellant's first point of error complains of the district court's refusal to include
in its jury charge his requested instruction on the defense of mistake of fact. Tex. Penal Code
Ann. § 8.02 (West 1994). (1) Under section 8.02(a), it is a defense to prosecution that the actor
through mistake formed a reasonable belief about a matter of fact if his mistaken belief negated
the kind of culpability required for commission of the offense. Appellant's requested instruction
would have required the jury to find appellant not guilty if it found or had a reasonable doubt that:



at the time the defendant drove the motor vehicle in question he acted under a
mistake of fact, that is, a reasonable belief that his mother, Levada [sic] Parker,
had the legal right to request him to move the motor vehicle from her property,
and acting upon such belief the defendant removed the motor vehicle from her
property.



 In a prosecution for unauthorized use of a vehicle, the State must prove that the
defendant knew he did not have the effective consent of the owner to operate the vehicle. 
McQueen v. State, 871 S.W.2d 600, 604 (Tex. Crim. App. 1989); Gardner v. State, 780 S.W.2d
259, 263 (Tex. Crim. App. 1989). Under section 8.07, a defendant prosecuted for unauthorized
use of a vehicle is entitled to a mistake of fact instruction if there is evidence that he acted under
a reasonable, albeit mistaken, belief that he had the owner's effective consent. Gardner, 780
S.W.2d at 262-63; cf. Bruno v. State, 845 S.W.2d 910 (Tex. Crim. App. 1993) (mistake of fact
charge properly refused where owner's testimony that he did not give defendant consent was
contradicted by defendant's testimony that owner did give consent; if defendant's testimony was
true, there was no mistake of fact).

 Appellant was not entitled to the requested mistake of fact instruction because the
defensive testimony on which it was based, if true, did not negate the culpability required for the
offense. Appellant knew that his mother did not own the truck. Therefore, even if appellant
believed that she was legally authorized to request that the truck be moved from her property, he
could not have reasonably believed that he had the owner's consent to operate the truck. Point
of error one is overruled. (2)

 In point of error two, appellant contends he was denied a hearing on his motion for
new trial because his counsel on appeal, when appointed, was not informed that the motion had
been filed. Appellant was represented by appointed counsel at trial. After sentence was imposed,
appellant filed a pro se motion for new trial alleging, among other things, ineffective assistance
of trial counsel. One week later, new counsel was appointed to represent appellant on appeal. 
Appellant argues that he was denied due process and due course of law because neither the district
court nor the district clerk informed appellate counsel of the pending motion for new trial. 

 This argument is patently without merit. Appellant does not contend, and there is
nothing in the record to suggest, that appellant was unable to communicate with counsel or that
counsel was unable to examine the record following her appointment. Neither the district court
nor the district clerk was obligated to call counsel's attention to the motion for new trial or any
other particular document on file in this cause. The point of error is overruled.

 The judgment of conviction is affirmed.


Before Chief Justice Carroll, Justices Jones and Kidd

Affirmed

Filed: November 23, 1994

Do Not Publish

1.   Although the statute was technically amended effective September 1, 1994, the present
language of section 8.02 is identical to that in effect when this offense was committed.
2.   The district court's charge contained this instruction:


 You are charged as part of the law of this case that before you can
convict the defendant, you must find from all the evidence beyond a reasonable
doubt that the defendant, Reginald Parker, knew that he was operating a motor
vehicle without the effective consent of the owner, and if you have a reasonable
doubt as to such knowledge by the defendant at the time in question, then you
must give the defendant the benefit of that doubt and find him not guilty.


This instruction encompassed the substance of the mistake of fact defense as it properly
applies to the offense of unauthorized use of a vehicle. See Willis v. State, 802 S.W.2d 337,
339-40 (Tex. App.--Dallas 1990, pet. ref'd).