Bennie Bernard Johnson v. State















IN THE
TENTH COURT OF APPEALS
 

No. 10-02-160-CR

     BENNIE BERNARD JOHNSON,
                                                                         Appellant
     v.

     THE STATE OF TEXAS,
                                                                         Appellee
 

From the 272nd District Court
Brazos County, Texas
Trial Court # 29,077-272
                                                                                                                
                                                                                                         
O P I N I O N
                                                                                                                

      A jury found Bennie Bernard Johnson guilty of the unauthorized use of a motor vehicle. After
finding two enhancement paragraphs to be true, the jury assessed punishment at 15 years in prison. 
Johnson brings two issues on appeal. We affirm.
Background
      William Melcher, a student at Blinn College in Bryan/College Station, Texas, awoke one
school morning to find his 1994 Chevrolet pickup missing from its parking space at his apartment
complex. In its place, he found broken glass. Two days later, the pickup was located. Johnson
was driving it. The driver’s side window had been broken out and the majority of the glass hidden
under the floor mats. The custom racing steering wheel had been replaced by a vice grip. 
Exterior trim was missing and the frame was bent. The insurance company declared the pickup
a total loss.
Continuance
      In his first issue, Johnson contends the trial court erred in denying his oral motion for
continuance during trial when his subpoenaed witness, Faye Sweeps, did not appear. The Court
of Criminal Appeals has held that when an unsworn, oral motion for continuance is made, even
mid-trial, it preserves nothing for review. Matamoros v. State, 901 S.W.2d 470, 478 (Tex. Crim.
App. 1995); see also Potter v. State, 74 S.W.3d 105, 110 (Tex. App.—Waco 2002, no pet.). 
Johnson presented an oral, unsworn motion for continuance during his trial. He has preserved
nothing for review. Thus, his first issue is overruled.
Sufficiency of the Evidence
      In his second issue, Johnson contends the evidence is legally insufficient to support his
conviction. Specifically, he argues that the State did not prove he knew he did not have the
owner’s consent to drive the pickup.
Law
      A "legal sufficiency of the evidence review does not involve any weighing of favorable and
non-favorable evidence." Margraves v. State, 34 S.W.3d 912, 917 (Tex. Crim. App. 2000)
(citing Cardenas v. State, 30 S.W.3d 384, 389 (Tex. Crim. App. 2000)). Instead, a legal-sufficiency review calls upon the reviewing court to view the relevant evidence in the light most
favorable to the verdict and determine whether any rational trier of fact could have found the
essential elements of the crime beyond a reasonable doubt. Id. See also Jackson v. Virginia, 443
U.S. 307, 61 L. Ed. 2d 560, 99 S. Ct. 2781 (1979) (emphasis in original); Mason v. State, 905
S.W.2d 570, 574 (Tex. Crim. App. 1995).
      One of the elements to be proven by the State in a prosecution for the unauthorized use of a
motor vehicle is the defendant’s knowledge that he did not have the consent of the owner to
operate the vehicle in question. Gardner v. State, 780 S.W.2d 259, 263 (Tex. Crim. App. 1989). 
From a legal sufficiency standpoint, the owner’s testimony that he did not give anyone consent to
operate his vehicle proves that a defendant knew he did not have the owner’s consent. McQueen
v. State, 781 S.W.2d 600, 604-05 (Tex. Crim. App. 1989). If the defendant raises evidence of
a mistake of fact concerning the circumstances surrounding his operation of a vehicle, i.e., that
he believed the owner to be someone else and had that person’s permission to operate the vehicle,
the factfinder is free to reject this evidence. Id. at 605.
Evidence
      On appeal, Johnson does not dispute that Melcher was the owner of the pickup in which
Johnson was apprehended. Melcher testified that he did not give Johnson or anyone else
permission to drive his pickup. Johnson contests that the State proved he knew he did not have
Melcher’s permission to drive the pickup.
      Johnson contended at trial that he thought Faye Sweeps was the owner of the pickup and that
he had no reason to doubt her authority to loan him the pickup so he could attend a scheduled
appointment with his parole officer. He also contended he had no reason to suspect the pickup
was stolen.
      In the light most favorable to the verdict, the evidence established that Johnson did not have
an appointment with his parole officer on October 9, the day he was stopped. He had already
missed his appointment scheduled for October 2. Johnson also had Melcher’s credit card in his
wallet.
      Johnson initially named “Lawana Martinez” as the owner of the pickup. He later told the
police that Sweeps told him Juan Martinez owned the pickup. He told the trial court judge in a
letter that Sweeps said she owned the pickup. He made a query to the judge whether Sweeps knew
who the owner was.
      Sweeps was a known drug user and was said to be unreliable. She also had a reputation for
driving other person’s vehicles and had a long criminal history. Johnson had a previous
conviction for burglary of a habitation, two convictions for burglary of a motor vehicle, and a
conviction for possession of a controlled substance/tampering or fabricating evidence.
      At the time Johnson borrowed the pickup, it had no steering wheel-- a vice grip served as its
replacement, and the driver’s side window was missing. Shards of broken glass were still visible
in the upper window frame. Bits of glass were prevalent in the pickup cab, but the majority of
the glass was covered by floor mats. The steering column was broken. Johnson could start the
pickup without a key but was told not to completely shut it off or it could not be started again.
Application
      The evidence was sufficient to support a finding that Johnson knew he was operating the
pickup without the owner’s consent. The jury was free to reject Johnson’s explanation. His
second issue is overruled.
Conclusion
      The trial court’s judgment is affirmed.
 
                                                                   TOM GRAY
                                                                   Justice

Before Justice Vance,
      Justice Gray, and 
      Senior Justice Hill (Sitting by Assignment)
Affirmed
Opinion delivered and filed August 20, 2003
Do not publish
[CR25]