NO. 07-07-0201-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JANUARY 18, 2008

_____


TODD JAMES GREGG,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 54,679-E; HON. ABE LOPEZ, PRESIDING

_____

*Memorandum Opinion*

_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appellant Todd James Gregg challenges the legal and factual sufficiency of the evidence to support his conviction of unauthorized use of a motor vehicle. We find the evidence to be sufficient and affirm the judgment.

The standards by which we review the sufficiency of the evidence are found in *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) and *Watson v. State,* 204 S.W.3d 404 (Tex. Crim. App. 2006). We refer the parties to those cases for an explanation of them.

A person commits unauthorized use of a motor vehicle if he intentionally or knowingly operates another's vehicle without the effective consent of the owner. TEX. PEN. CODE ANN. §31.07(a) (Vernon 2003). Appellant argues that there is no evidence or insufficient evidence that he knew he did not have the effective consent of the owner. *See Gardner v. State,* 780 S.W.2d 259, 262-63 (Tex. Crim. App. 1989) (holding that the accused must be aware that the operation of the vehicle is without the owner's consent).

To show his lack of knowledge that he was operating the vehicle without the owner's consent, appellant relies upon the testimony of Officer Tim Roberts of the Amarillo Police Department. Roberts questioned appellant after the complainant's husband informed the officer that appellant, who was near the police station, was driving a stolen vehicle. Appellant told the officer that he had dropped the complainant off at a United Supermarket on the previous evening to get some medication and he left in the vehicle to run an errand. According to appellant, when he returned to the store, the complainant was not there.

Knowledge of an accused may be inferred from words, acts, and conduct. *Reedy v. State,* 214 S.W.3d 567, 581 (Tex. App.–Austin 2006, pet. ref'd). In addition to the evidence cited by appellant, the record contains the following: 1) appellant, who was staying with the neighbors of the complainant, sought a ride to buy some cigarettes, 2) the

complainant took him in her Geo Tracker and stopped at United Supermarket to buy some food, 3) she left appellant in the passenger seat with the keys in the ignition, 4) when she exited the store, appellant was gone, 5) the complainant notified store personnel who notified police that the vehicle had been stolen, 6) the complainant did not give permission to appellant to take her vehicle, 7) the complainant has never allowed appellant to drive her vehicle, 8) the complainant had personal property in the vehicle including tools and money which were missing at the time the vehicle was recovered the next day in appellant's possession, 9) when the vehicle was recovered there were items in it such as tires and an acetylene cutting torch that did not belong to the complainant or her husband, 10) there is no evidence that appellant attempted to return the vehicle to the complainant or their mutual friends after returning from his alleged errand and finding her no longer at the supermarket, and 11) appellant attempted to flee from the complainant's husband the next day after determining that the husband was following him. The missing property of the complainant, the existence of property in the vehicle that did not belong to the complainant, and appellant's attempt to flee from the complainant's husband provide some evidence that appellant knew he was operating the vehicle without the complainant's consent. Thus, the evidence is legally sufficient to permit a rational jury to find appellant knew he was in possession of the vehicle without permission.

Appellant points to evidence from the complainant's husband who testified he had been told that his wife had been thrown to the ground by appellant who had then taken the car keys and left in the vehicle. Appellant further notes that the complainant was taking methadone at the time of the incident. However, it was for the jury to resolve any conflicts in the evidence and determine which witnesses to believe and what portion of their

3

testimony to believe.  *Wesbrook v. State,* 29 S.W.3d 103, 111 (Tex. Crim. App. 2000).  We cannot say that the jury's resolution of these matters was so against the weight of the total evidence as to be manifestly unjust or undermine our confidence in the verdict.  In sum, the evidence is both legally and factually sufficient to sustain the conviction.

Accordingly, the judgment of the trial court is affirmed.


Brian Quinn
Chief Justice

Do not publish.