Farrell Wayne COLEMAN, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–89–01432–CR.

Court of Appeals of Texas,
Dallas.

Dec. 31, 1990.

John H. Hagler, Dallas, for appellant.

Kathleen A. Walsh, Dallas, for appellee.

Before ENOCH, C.J., and ONION [1]
and CARVER [2], JJ.

## OPINION

ENOCH, Chief Justice.

Farrell Wayne Coleman appeals his conviction of unauthorized use of a motor vehicle. A jury assessed punishment, enhanced by two prior felony convictions, at 35 years' imprisonment. Coleman challenges the sufficiency of the evidence to support the conviction and the admission of certain testimony. We affirm.

## FACTS

On Wednesday, January 6, 1990, Officer Ellis of the Lewisville Police Department noticed a black Volkswagen parked in front of a house which he was visiting in connection with another case. Officer Ellis checked the computer records and discovered that the car had been reported stolen the previous Sunday. Officer Ellis spoke with one of the occupants of the house who told him that Coleman had been driving the car. Coleman, who was also in the house, admitted that he had been driving the car, but claimed that he did not know it was stolen. Coleman told Officer Ellis that he had borrowed the car from an acquaintance named Chris. Coleman could not provide

1. The Honorable John F. Onion, Jr., Presiding Judge, Retired, Court of Criminal Appeals, sitting by assignment.

2. The Honorable Spencer Carver, Justice, Retired, Court of Appeals, Fifth District of Texas at Dallas, sitting by assignment.

Chris' last name. The car's owner testified that she had given no one permission to drive her car.

An inventory of the car showed that the vent window on the driver's side had been broken and glass was visible on the floorboard. The ignition wires had been pulled out of the steering column and the car had been hot-wired. Officer Ellis testified that once a car had been hot-wired, it could no longer be started with a key. The only way to start the car was to touch the ignition wires together. Another occupant of the house, Tracy Henderson, told Officer Ellis that neither she nor Coleman had ever had the keys to the car. She explained to Officer Ellis that Chris had hot-wired the car. She was also unable to provide Chris' last name.

A grocery store clerk testified that early Wednesday morning he had become suspicious of Coleman and decided to watch as Coleman drove away from the grocery store. The clerk testified that Coleman drove away in the stolen black Volkswagen.

## DISCUSSION

■ When an appellant challenges the sufficiency of the evidence, a reviewing court must determine whether, evaluating all the evidence in the light most favorable to the .verdict, any rational trier of fact could find the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Butler v. State,* 769 S.W.2d 234, 239 (Tex.Crim. App.1989). To obtain a conviction for unauthorized use of a vehicle, the State must show that Coleman intentionally or knowingly operated a motor-propelled vehicle with the knowledge that he did not have the effective consent of the owner. *Gardner v. State,* 780 S.W.2d 259, 261 (Tex. Crim.App.1989); Tex.Penal Code Ann. § 31.07 (Vernon 1989). Circumstantial evidence may be used to prove guilt. *Hankins v. State,* 646 S.W.2d 191, 199 (Tex. Crim.App.1981). The jury is the sole judge of a witness' credibility and may choose to disbelieve appellant's version of the facts.

*Wicker v. State,* 667 S.W.2d 137, 141 (Tex. Crim.App.), *cert. denied,* 469 U.S. 892, 105 S.Ct. 268, 83 L.Ed.2d 204 (1984).

■ Coleman claims that the State did not meet its burden of showing he knew he did not have the effective consent of the owner. We disagree. The testimony shows that the driver's side window was broken and that the shattered glass remained on the floorboards, that the ignition wires had been ripped out of the steering column and were hanging visibly, that Coleman had never had a key to the car and that it was necessary to touch the ignition wires together to start the car. Based upon the obvious condition of the car and the necessity of hot-wiring to start the car, the jury was free to reject Coleman's claim of a loan from "Chris." *See McQueen v. State,* 781 S.W.2d 600, 605 (Tex.Crim.App.1989). The jury could have found beyond a reasonable doubt that Coleman knew he did not have the owners's effective consent. We overrule point of error number one.

In his second point of error, Coleman complains of testimony given by Officer Ellis. When discussing Coleman's and Tracy Henderson's written statements during examination by the State, the following occurred:

State: Okay. Now, have you had occasion to take statements from witnesses before?

Ellis: Yes, sir.

State: On many occasions or few occasions?

Ellis: Everyday.

State: What?

Ellis: Everyday.

State: Okay. And in your opinion, have you always found that—have you ever ultimately verified that these statements always contain the truth?

Defense: Your Honor, I object. I can— Clearly that's not pertinent to any of the issues here and just a cause for a speculative self-serving opinion.

Court: That's your objection?

Defense: Yes, sir.

Court: Okay. That will be overruled.

Ellis: Would you repeat the question?

Court Reporter: Have you ever been able to verify that these statements don't—that they don't always contain the truth?

Ellis: Oh, sure.

State: In fact, many of these statements turn out to be self-serving; would this be a fair statement?

Defense: I object as to what happened on either statement that has no probative value in this case. It's inflammatory, self-serving and not relevant to the issues in this case.

Court: Overruled as to the last issue. You may answer.

Court Reporter: Officer Ellis, I'll repeat the question. Have you found many of these statements to be nothing but self-serving?

Ellis: Oh, yes, of course.

Coleman phrased his point of error as such: "Reversible error was committed when opinion testimony was admitted by the State in an attempt to show that the statements made by others were not truthful."

■ Thus, trial counsel objected on the grounds that the answer was irrelevant, inflamatory, and self-serving. On appeal, Coleman's point of error states that the testimony calls for an opinion regarding the truth and veracity of a witness' statement. This may have been a valid objection if made during the trial. *See Kirkpatrick v. State*, 747 S.W.2d 833, 837 (Tex. App.—Dallas 1987, writ ref'd). But, the trial objection did not comport with his point of error. An objection stating one legal basis may not be used to support a different legal basis on appeal. *Rezac v. State*, 782 S.W.2d 869, 870 (Tex.Crim.App. 1990); *Drinkard v. State*, 776 S.W.2d 181, 184 (Tex.Crim.App.1989). Any error was waived. We overrule point of error number two.

Having overruled appellant's points of error, we affirm the trial court's judgment.