**Robert·Green WALKER, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. A14–91–00964–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

Dec. 17, 1992.

Discretionary Review Refused April 7, 1993.

Tom Donald Moran, Houston, for appellant.

Ernest Davila, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and SEARS and ELLIS, JJ.

OPINION

ELLIS, Justice.

Appellant, Robert Green Walker, appeals his judgment of conviction for the felony

offense of unauthorized use of a motor vehicle. TEX.PENAL CODE ANN. § 31.07(a) (Vernon 1989). The jury rejected appellant's not guilty plea and, after finding the enhancement paragraphs of the indictment to be true, the court assessed punishment at twenty-five (25) years confinement in the Institutional Division of the Texas Department of Criminal Justice. We affirm.

In November of 1990, Father Robert Holet was the Pastor of St. John Chrysostom Church. The church owned a 1979 Chevrolet pickup truck which had been donated while Father Carl Roberts was pastor. The church pastor was the only individual who could give others the authority to use the truck. Father Holet allowed a parishioner to use the truck but instructed him to leave the keys in the truck in an inconspicuous place upon returning it. After a day or two, Father Holet noticed that the truck was missing. On the next Sunday, December 1, 1990, Father Holet asked his parishioners whether they knew anything about the missing truck. When no one knew its whereabouts, he reported it stolen.

On December 13, 1990, Houston Police Officer Breen was checking vehicle license plates for vehicle status. After checking the license plate of the truck that appellant was driving, the officer discovered that the truck was reported stolen. It was later discovered that the truck was owned by the church. Following the truck into a convenience store, the officer went up to appellant and stopped him. When asked by the officer whether he had a driver's license, appellant could not produce one. When further questioned, appellant initially said that the truck was owned by Carl Roberts (a former pastor of the church). Appellant gave the officer the telephone number of Betty Thompson and said she could verify his story. However, Ms. Thompson was not able to do this. Appellant changed his story and said the truck's owner was Willie Ellis. Again he stated that Ms. Thompson could verify his story, but she was not able to collaborate it. As a result, appellant was arrested.

The truck had been in good condition prior to the date it was stolen. Yet upon appellant's arrest, it was dirty and in bad condition. In particular, the back and front vent window were missing; shattered glass was sprinkled throughout its interior; and there were dents on the truck. There were also incriminating items found inside the truck: dirty clothes, a bolt-cutter, a sledge hammer, an uninstalled cellular telephone, and a regular telephone. Insurance papers were also found inside the glove compartment. They were in the name of former Pastor Carl Roberts.

At trial, appellant relied upon the defense of mistake of fact. Testifying for the defense was appellant's former roommate, Denishar Holmes. Ms. Holmes lived with appellant and Ms. Thompson in December of 1990. Ms. Holmes testified that Willie Ellis moved into the apartment with them and that he drove an old GMC truck which was dark brown or maroon. She stated that on at least one occasion, Mr. Ellis let appellant use the truck. Appellant's uncle, Albert Edwards, was also called by the defense.

Mr. Edwards testified that appellant and Ellis came to his house in a pickup truck in December of 1990. They all went riding and appellant drove the truck. He testified that this occurred on more than one occasion. Ms. Thompson, appellant's cousin and roommate, was also called. Ms. Thompson testified that although Ellis did not have a vehicle when he first moved in, he later acquired a burgundy GMC truck. While she did not see appellant drive the truck before Ellis arrived, Ellis later loaned it to appellant on two or three occasions. Appellant attempted to show that Ellis gave him permission to use the truck and that the truck was in Ellis' possession.

■ In his first point of error, appellant contends the trial court erred in failing to charge the jury that if appellant did not know he was driving the vehicle without the owner's permission, acquittal was required. In an unauthorized use of a motor vehicle case, the State has the burden to prove that appellant operated the vehicle knowing he did not have the effective consent of the owner. *McQueen v. State*, 781 S.W.2d 600, 604 (Tex.Crim.App.1989);

*Gardner v. State,* 780 S.W.2d 259, 263 (Tex.Crim.App.1989). In interpreting Tex.Penal Code Ann. § 31.07(a), the Texas Court of Criminal Appeals has held that this section requires a finding that "defendant intentionally or knowingly operated a vehicle knowing that such operation was without the effective consent of the owner." *McQueen,* 781 S.W.2d at 604. Thus, in construing this section, the Court of Criminal Appeals has determined that the requisite culpable mental states apply both to operation of the vehicle, and to the phrase "without the effective consent of the owner."

The trial court charged the jury as follows:

Now, if you find from the evidence beyond a reasonable doubt that on or about the 13th day of December, 1990, in Harris County, Texas, the defendant, Robert Green Walker, did then and there unlawfully intentionally or knowingly operate a motor-propelled vehicle, namely, an automobile, owned by Robert Carl Holet, without the effective consent of Robert Carl Holet, then you will find the defendant guilty as charged in the indictment.

In charging the jury the trial court mirrored the holding in *McQueen.* *Id.* at 600. Thus, the jury understood that the mental states required under the statute modified both the vehicle's operation and the element of consent. Moreover, appellant's attorney clearly informed the jury of this fact during closing argument. The "mistake of fact" instruction further clarified this issue. Appellant's first point of error is overruled.

In his second point of error, appellant argues that the trial court erred in denying his requested charge on mistake of fact. He claims the charge should have stated that acquittal was mandated if appellant was under a reasonable mistake of fact as to whether he had the owner's permission. Appellant's contention is without merit because the jury was so charged.

With regard to the issue of mistake of fact, the jury was charged as follows:

You are instructed that it is a defense to prosecution that a person through mis-

take formed a reasonable belief about a matter of fact if his mistaken belief negated the kind of culpability required for commission of the offense.

"Reasonable belief" means a belief that would be held by an ordinary and prudent person in the same circumstances as the defendant.

So, if you find from the evidence in this case that at the time the defendant operated a motor-vehicle ..., if he did, he acted under a mistake of fact, that is, a reasonable belief that he believed the person who gave him the keys to the automobile had the owner's permission to do so, or if you have a reasonable doubt thereof, you will acquit the defendant.

Appellant's requested the following charge:

You are instructed that it is a defense to prosecution that a person, through mistake, formed a reasonable belief about a matter of fact if his mistakened (sic) belief negated the culpability required for commission of the offense.

A reasonable belief means a belief that would be held by an ordinary and prudent person in the circumstances as the defendant.

Therefore, if you believe from the evidence that on the occasion in question the defendant acted under a mistake of fact; that is, a reasonable belief that Willie Ellis had given him permission to use the motor vehicle in question and that he was, therefore, authorized to use the motor vehicle in question or you have a reasonable doubt thereof, then you will find the defendant not guilty.

■ At trial, appellant argued that because Willie Ellis gave him the keys, he thought he had the owner's permission to use the vehicle. This entitled him to a charge on the issue of mistake of fact. *See Woodfox v. State,* 742 S.W.2d 408 (Tex. Crim.App.1987); *Riley v. State,* 830 S.W.2d 584 (Tex.Crim.App.1992). Appellant contends that the jury was not properly instructed on this issue. He is mistaken. On the contrary, the instruction was "that it is a defense to prosecution that a person through mistake formed a reasonable be-

lief about a matter of fact if his mistaken belief negated the kind of culpability required for commission of the offense." The charge defined reasonable belief and also specifically stated that if there was a reasonable doubt as to this issue, "you will acquit the defendant." Thus, the jury received an instruction on mistake of fact. The instruction complied with the law. Appellant's second point of error is overruled.

In his third point of error, appellant contends the trial court erred in overruling his objection to the Prosecution's statement that the only thing the State needed to prove was: (1) the vehicle was owned by Robert Holet; and (2) appellant was driving it without Hollet's permission. He is in effect arguing the jury was not required to find he *knew* he did not have the owner's effective consent. His contention is without merit. Appellant excised a small portion of the argument to make this claim:

> The two things we need to establish is whether or not it was owned by Robert Carl Hollet and whether or not Mr. Walker was driving the motor vehicle without Mr. Hollet's permission and that he knew that. So let's first talk about—
>
> [Defense Attorney]: We object to that being a misstatement of the law, Your Honor.
>
> [The Court]: Overruled. Members of the jury, this is jury argument. You heard the case, you have the charge. You may proceed.

Unquestionably, the State never argued that it did not have to prove the element of knowledge. Indeed, what the State argued was "[t]he two things that we need to establish is whether or not it was owned by Robert Carl Hollet and whether or not Mr. Walker was driving the motor vehicle without Mr. Hollet's permission *and that he knew that*." The Prosecutor also offered extensive facts to argue that appellant knew he did not have Holet's effective consent and these were established at trial. Appellant's third point of error is overruled.

■ In his fourth point of error, appellant claims the evidence was insufficient to show that he knew he did not have the

effective consent of the owner. Such claims are reviewed in the light most favorable to the prosecution. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). The test is whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Id.* Any conflicts or contradictions are a question for the jury. Thus, if there is enough credible testimony supporting the conviction, contradictions or conflicts should not result in reversal. *Losada v. State,* 721 S.W.2d 305, 309 (Tex. Crim.App.1986). When determining the sufficiency of circumstantial evidence, the standard is whether any factfinder could have rationally excluded all reasonable doubt of the accused's guilt, not all doubt. *Williams v. State,* 784 S.W.2d 428, 429–30 (Tex.Crim.App.1990).

■ The court in *Demary* concluded that where the State puts on evidence that the defendant did not have the owner's consent, "this evidence, in itself," may prove he *knew* he did not have the owner's consent. *Demary v. State,* 798 S.W.2d 376 (Tex.App.—Beaumont 1990, no pet.). Appellant conceded in his brief that the evidence was sufficient to show that Father Holet did not give him consent. Thus, under *Demary,* his insufficiency claim is without merit. Even without this concession, the circumstantial evidence shows appellant knew he did not have consent of the owner. The broken back and vent window, and the broken glass throughout the truck's interior, is such evidence. Speaking to the effect of circumstantial evidence in an unauthorized use of a motor vehicle case, the court in *Coleman v. State,* 802 S.W.2d ˙394 (Tex.App.—Dallas 1990, no pet.), held such evidence is significant in determining defendant knew he lacked the requisite consent. Appellant's statement to Officer Breen that the owner's name was "Carl Roberts", would also evidence appellant's guilt. Not incoincidently, this was the name of the individual whose name appeared on the insurance papers located inside the glove box. Appellant was apparently using this name in order to convince the officer that the person whom he

thought was the owner, gave him consent. Items found inside the truck were also those which could be used to break the truck windows. We find the evidence sufficient to prove both the requisite mental state, and all other elements of the offense. Appellant's fourth point of error is overruled.

Accordingly, the judgment of the trial court is affirmed.