TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00194-CR







Guy Gibson, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT


NO. 0990295, HONORABLE FRED MOORE, JUDGE PRESIDING







 A jury convicted Guy Gibson of unauthorized use of a motor vehicle. Gibson
pleaded true to allegations of prior convictions, and the jury sentenced him to eight years in
prison. On appeal, he challenges the sufficiency of the evidence to support his conviction. We
will affirm the judgment.


BACKGROUND


 Donald Daniel testified that his business's delivery vehicle was apparently stolen
over the New Year's holiday. He left the car--a blue 1978 Chevrolet Caprice four-door sedan,
license number NSK62Z--at his business on either December 30 or 31, 1998. When he returned
to work on January 2, 1999, the car was gone. He did not know appellant and had not given
anyone permission to drive the car. There was broken glass on the ground on the left side of
where the car had been parked. When he recovered the car from an impoundment lot, the plastic
housing of the steering column had been removed and there was a five-to-six-inch hole in it. He
also found a screwdriver that was not his on the floorboard of the car. 

 Austin police officer Timothy Enlow recovered the vehicle. Around midnight of
January 1, he stopped a blue 1978 Chevy sedan because the left headlight was out. Enlow also
noticed that the rear driver's side vent window was missing. The driver, appellant, had no
driver's license and gave a name (Wiley Pat) for which there was no record of a driver's license;
appellant also appeared nervous. Based on the lack of headlight and identification, Enlow decided
to arrest appellant. At the station, appellant gave an address which allowed police to discover his
identity.

 After arresting appellant, Enlow examined the inside of the vehicle. He noticed
that the steering column was broken. He found a screwdriver in the front part of the vehicle. 
Like the broken vent window, these two facts were consistent with a standard method of starting
a stolen car without keys, but also consistent with an owner who had lost his keys breaking in. 
Enlow found a substance in the car that appeared to be crack cocaine, but turned out to be fake
crack.

 On cross-examination, Enlow stated that Sammy Allen, the passenger in the car
with appellant, was a known crack addict. He explained the concept of a "crack rental"--a
situation in which a crack user, low on cash, lends his belongings (including a car) to a dealer in
exchange for crack. He explained that the dealers will then often lend the belongings to other
people. He also explained that some crack users will steal vehicles to get crack. On redirect
examination, however, he stated that the steering column of "crack rentals" is not ordinarily
popped because the owner surrenders the keys; on recross he conceded that the steering columns
of such vehicles were sometimes popped, but stated that he did not recall any other time a stolen
vehicle had been given as a "crack rental."

 Enlow could not recall whether the car was an Impala or Caprice. He wrote in his
report that it was a blue 1978 four-door Chevrolet Impala, license number NSK62Z. He stated
that standard Austin Police Department procedure dictated that only the driver of a stolen car
would be arrested.

 Appellant testified that he first saw the car, a blue 1978 Impala, when Samuel Allen
pulled up in the car and asked for his help in hooking up a stove. Getting in from the passenger
side, appellant said he did not see the enlarged hole in the steering column and did not notice the
broken window; the windows were down. Appellant said Allen was highly intoxicated and
driving like a drunk person. After they installed the stove in a house, appellant told Allen that
he would drive. He noticed that Allen was starting the car with a screwdriver, and said Allen told
him he had lost his keys. Appellant said he did not suspect that the car was stolen.

 Appellant remembered the sequence of events surrounding his arrest slightly
differently than did Enlow. He believed he was arrested for lack of a driver's license and
insurance before he was even asked his name. He said Sammy Allen told Enlow that the car was
a crack rental from a white dope dealer. When Enlow found the suspected crack, Allen told him
it was "bimp" or fake crack. Appellant said he gave Enlow the fake name because he was afraid
that if he gave his real name he would be arrested on a traffic ticket warrant or a warrant for a
parole violation; he said that he had evaded arrest on the parole warrant by giving the false name
when stopped for minor traffic violations. When Enlow's computer search failed to turn up a
Willie Pat, appellant testified that he insisted Enlow check again because there would be a record
of his previous tickets under that name. He denied that he gave the fake name to avoid arrest for
driving a stolen car; he reasoned that a fake name would not protect him if the car was stolen. 
Appellant said the computer at the police station turned up his previous arrests as Willie Pat, but
that analysis of his fingerprints revealed his actual name.

 On cross-examination, the State explored appellant's criminal history; the court
limited the use of that evidence to the purpose of aiding in assessing appellant's credibility. He
had prior convictions for burglary of a vehicle, unauthorized use of a motor vehicle, burglary of
a habitation, and burglary of a vehicle; he was convicted of the latter on three separate times. On
redirect examination, appellant stated that he had pleaded guilty to each of the listed offenses
because he had committed them; to this charge, however, he pleaded not guilty because he insisted
he was innocent.


DISCUSSION


 Gibson contends the evidence is insufficient to support two findings critical to the
conviction for unauthorized use of a motor vehicle. The statute provides that "a person commits
an offense if he intentionally or knowingly operates another's boat, airplane, or motor-propelled
vehicle without the effective consent of the owner." Tex. Penal Code Ann. § 31.07 (West 1994). 
Gibson contends that there is insufficient evidence that he was driving the complainant's vehicle
or that he drove the vehicle knowing it was stolen.

 When reviewing the legal sufficiency of the evidence, we view the evidence in the
light most favorable to the prosecution to determine whether any rational trier of fact could have
found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443
U.S. 307, 318-19 (1979). (1) The jury is the exclusive judge of the credibility of the witnesses and
of the weight to give their testimony. Miller v. State, 909 S.W.2d 568, 593 (Tex. App.--Austin
1995, no pet.).

 There is legally sufficient evidence that Daniel owned the vehicle Gibson was
driving. Both cars were described as blue 1978 four-door Chevrolet sedans. The only
discrepancy between the description of Daniel's car and the impounded car is that Enlow wrote
in his report that Gibson was arrested in an Impala rather than a Caprice; testimony indicated that
the two models are quite similar. The license number in Enlow's report, however, matches the
license number on Daniel's car. The steering columns in both cars were broken, and a window
was broken in each car; a reasonable jury could discount small discrepancies in the description
of the size of the holes in the steering column and which window was broken in the car Daniel
recovered. Viewed in the light most favorable to the verdict, the evidence is sufficient to support
a finding that Gibson was driving Daniel's car. We overrule point one.

 There is also legally sufficient evidence to support the jury's implicit finding that
Gibson drove the car knowing he did not have the owner's consent to drive this car. Appellant
contends that his testimony regarding Allen's "crack rental" story created a reasonable doubt on
this issue. The jurors, however, could reject portions of his testimony that they disbelieved. See
Miller, 909 S.W.2d at 593. Gibson was driving a car he undisputedly knew was not his own, a
car that was started with a screwdriver gouged into the steering column. Gibson knew that people
steal cars by starting them with screwdrivers. Such circumstantial evidence provides sufficient
evidence to support the finding that Gibson knew he was driving the car without the effective
consent of the owner. See Coleman v. State, 802 S.W.2d 394 (Tex. App.--Dallas 1990, no pet.);
see also Walker v. State, 846 S.W.2d 379, 382 (Tex. App.--Houston [14th Dist.] 1992, pet. ref'd). 
Viewing the evidence in the light most favorable to the verdict, as the standard of review requires
us to do, we conclude that the evidence is sufficient to support the verdict. We overrule point
two.


CONCLUSION


 Having overruled both points of error, we affirm the judgment.



 
 

 Bea Ann Smith, Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Yeakel

Affirmed

Filed: December 2, 1999

Do Not Publish
1. Though Gibson does not specify in his points of error whether he challenges the legal or
factual sufficiency of the evidence, in the text of his argument he cites only the legal sufficiency
standard. We therefore need not consider the factual sufficiency of the evidence. We note as an
aside that the result would not differ even applying the factual sufficiency review standard outlined
in Clewis v. State, 922 S.W.2d 126, 135 (Tex. Crim. App. 1996).



ar">
DISCUSSION


 Gibson contends the evidence is insufficient to support two findings critical to the
conviction for unauthorized use of a motor vehicle. The statute provides that "a person commits
an offense if he intentionally or knowingly operates another's boat, airplane, or motor-propelled
vehicle without the effective consent of the owner." Tex. Penal Code Ann. § 31.07 (West 1994). 
Gibson contends that there is insufficient evidence that he was driving the complainant's vehicle
or that he drove the vehicle knowing it was stolen.

 When reviewing the legal sufficiency of the evidence, we view the evidence in the
light most favorable to the prosecution to determine whether any rational trier of fact could have
found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443
U.S. 307, 318-19 (1979). (1) The jury is the exclusive judge of the credibility of the witnesses and
of the weight to give their testimony. Miller v. State, 909 S.W.2d 568, 593 (Tex. App.--Austin
1995, no pet.).

 There is legally sufficient evidence that Daniel owned the vehicle Gibson was
driving. Both cars were described as blue 1978 four-door Chevrolet sedans. The only
discrepancy between the description of Daniel's car and the impounded car is that Enlow wrote
in his report that Gibson was arrested in an Impala rather than a Caprice; testimony indicated that
the two models are quite similar. The license number in Enlow's report, however, matches the
license number on Daniel's car. The steering columns in both cars were broken, and a window
was broken in each car; a reasonable jury could discount small discrepancies in the description
of the size of the holes in the steering column and which window was broken in the car Daniel
recovered. Viewed in the light most favorable to the verdict, the evidence is sufficient to support
a finding that Gibson was driving Daniel's car. We overrule point one.