COURT OF APPEALS

                                                 SECOND DISTRICT
OF TEXAS

                                                                FORT
WORTH

 

 

                                                 NO.
2-09-181-CR

 

 

CARLTON R. LACY                                                                            APPELLANT

 

                                                             V.

 

THE STATE OF TEXAS                                                                             STATE

 

                                                       ------------

 

              FROM
THE 396TH DISTRICT COURT OF TARRANT COUNTY

 

                                                       ------------

 

                                      MEMORANDUM OPINION[1]

 

                                                       ------------

Appellant
Carlton R. Lacy appeals his conviction for unauthorized use of a motor vehicle.
 See Tex. Penal Code Ann. '
31.07(a) (Vernon 2003).  In two points,
he contends that the evidence is legally and factually insufficient to sustain
the conviction.  We affirm.  








Background Facts

Fort
Worth Police Department Detective Joel Harter is part of an auto theft task
force that, in conjunction with Arlington police, participates in the Covert
Organized Bait, Recovery and Apprehension (COBRA) program.  COBRA aims to catch car thieves in high crime
areas by planting unlocked cars that have keys inside and are equipped with
cameras and microphones.  Officers then
wait for someone to steal such a car, at which point the car=s
monitoring system activates to record and track the location of the car and
driver until an arrest is made.

In
2008, Detective Harter deployed a 1992 pickup truck that had large chrome
wheels and keys on the front bench seat as a bait car.  More than twenty-four hours later, at night,
appellant entered the truck, which automatically triggered its monitoring
system.[2]  The system recorded appellant saying he was Agoing
to drive this ho,@ digging around in the glove
compartment, seats, and floorboards of the truck, and driving the truck for
several minutes.  Detective Harter
received notice that the truck had been activated, began to track the truck
using his computer, and notified dispatch of the activation.  Dispatch told patrol units that a bait car
had been activated.  Fort Worth Police
Department Officer Rene Frias pulled the truck over and arrested appellant, who
was still driving.








A
Tarrant County grand jury indicted appellant for unauthorized use of a motor
vehicle; the indictment included an enhancement notice based on appellant=s
two previous felony convictions.  At
trial, appellant pled not guilty.  He
testified that he did not know that he did not have consent to drive the truck,
that he needed a ride home, and that Aa
guy named Dale@
told him that the pickup was his and that appellant could use it to drive
home.  After the parties presented
evidence and closing arguments, the jury found appellant guilty.  Appellant pled true to the indictment=s
enhancement allegations, and the jury assessed his punishment at eleven years=
confinement.  The trial court sentenced
appellant accordingly, and he filed notice of this appeal.








Evidentiary Sufficiency

Standards of review

In reviewing
the legal sufficiency of the evidence to support a conviction, we view all of
the evidence in the light most favorable to the prosecution in order to
determine whether any rational trier of fact could have found the essential
elements of the crime beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307,
319, 99 S. Ct. 2781, 2789 (1979); Clayton v. State, 235 S.W.3d 772, 778
(Tex. Crim. App. 2007).  This standard
gives full play to the responsibility of the trier of fact to resolve conflicts
in the testimony, to weigh the evidence, and to draw reasonable inferences from
basic facts to ultimate facts.  Jackson,
443 U.S. at 319, 99 S. Ct. at 2789; Clayton, 235 S.W.3d at 778.








The
trier of fact is the sole judge of the weight and credibility of the
evidence.  See Tex. Code Crim.
Proc. Ann. art. 38.04 (Vernon 1979); Brown v. State, 270 S.W.3d 564, 568
(Tex. Crim. App. 2008), cert. denied, 129 S. Ct. 2075 (2009).  Thus, when performing a legal sufficiency
review, we may not re-evaluate the weight and credibility of the evidence and
substitute our judgment for that of the factfinder.  Dewberry v. State, 4 S.W.3d 735, 740
(Tex. Crim. App. 1999), cert. denied, 529 U.S. 1131 (2000).  Instead, we Adetermine
whether the necessary inferences are reasonable based upon the combined and
cumulative force of all the evidence when viewed in the light most favorable to
the verdict.@  Hooper v. State, 214 S.W.3d 9, 16B17
(Tex. Crim. App. 2007).  We must presume
that the factfinder resolved any conflicting inferences in favor of the
prosecution and defer to that resolution. 
Jackson, 443 U.S. at 326, 99 S. Ct. at 2793; Clayton, 235
S.W.3d at 778.

The
standard of review is the same for direct and circumstantial evidence cases;
circumstantial evidence is as probative as direct evidence in establishing the
guilt of an actor.  Clayton, 235
S.W.3d at 778; Hooper, 214 S.W.3d at 13.

In determining the legal
sufficiency of the evidence to show an appellant=s
intent, and faced with a record that supports conflicting inferences, we Amust
presumeCeven
if it does not affirmatively appear in the recordCthat
the trier of fact resolved any such conflict in favor of the prosecution, and
must defer to that resolution.@  Matson v. State, 819 S.W.2d 839, 846
(Tex. Crim. App. 1991).








When
reviewing the factual sufficiency of the evidence to support a conviction, we
view all the evidence in a neutral light, favoring neither party.  Steadman v. State, 280 S.W.3d 242, 246
(Tex. Crim. App. 2009); Watson v. State, 204 S.W.3d 404, 414 (Tex. Crim.
App. 2006).  We then ask whether the
evidence supporting the conviction, although legally sufficient, is
nevertheless so weak that the factfinder=s
determination is clearly wrong and manifestly unjust or whether conflicting
evidence so greatly outweighs the evidence supporting the conviction that the
factfinder=s
determination is manifestly unjust.  Steadman, 280 S.W.3d at 246; Watson,
204 S.W.3d at 414B15, 417.  To reverse under the second ground, we must
determine, with some objective basis in the record, that the great weight and
preponderance of all the evidence, although legally sufficient, contradicts the
verdict.  Watson, 204 S.W.3d at
417.

Unless
we conclude that it is necessary to correct manifest injustice, we must give
due deference to the factfinder=s
determinations, Aparticularly those
determinations concerning the weight and credibility of the evidence.@  Johnson v. State, 23 S.W.3d 1, 9 (Tex.
Crim. App. 2000); see Steadman, 280 S.W.3d at 246.  Evidence is always factually sufficient when it
preponderates in favor of the conviction. 
Steadman, 280 S.W.3d at 247; see Watson, 204 S.W.3d at
417.  A factual sufficiency review of
circumstantial evidence is the same as a review of direct evidence.  King v. State, 29 S.W.3d 556, 565
(Tex. Crim. App. 2000); Kutzner v. State, 994 S.W.2d 180, 184 (Tex.
Crim. App. 1999) (reasoning that A[c]ircumstantial
evidence, by itself, may be enough to support the jury=s
verdict@).

Applicable law and analysis








To
prove unauthorized use of a motor vehicle, the State was required to show that
appellant intentionally or knowingly operated the pickup without the effective
consent of its owner.  See Tex.
Penal Code Ann. ' 31.07(a); Denton v.
State, 880 S.W.2d 255, 257 (Tex. App.CFort
Worth 1994), aff=d,
911 S.W.2d 388 (Tex. Crim. App. 1995). 
Thus, the State had to establish three elements:  (1) appellant operated the truck, (2) he knew
he was operating the truck, and (3) he did so without the permission of the
owner.  McQueen v. State, 781
S.W.2d 600, 602 (Tex. Crim. App. 1989). 
Furthermore, the State also had to show that appellant was aware that he
did not have the owner=s effective consent at the
time of operation.  Id.

In
his two related points, appellant contends only that the evidence is legally
and factually insufficient to prove that he knew that he did not have the owner=s
permission to drive the truck.[3]  He argues that because the only direct
evidence as to whether he knew he had consent to drive the truck is his own
testimony that he did have consent, the State failed to uphold its burden.  We disagree.

Direct
evidence is not the only evidence the jury may use to make its determination;
circumstantial evidence may also be used to determine that the defendant was
aware that he did not have consent from the owner.  See Walker v. State,
846 S.W.2d 379, 382B83 (Tex. App.CHouston
[14th Dist.] 1992, pet. ref=d); Coleman
v. State, 802 S.W.2d 394, 395 (Tex. App.CDallas
1990, no pet.); Daugherty v. State, 652 S.W.2d 569, 577 (Tex. App.CFort
Worth 1983, pet. ref=d) (A[P]roof
of lack of consent . . . may be made by circumstantial evidence the same as any
other issue in a criminal case may be proved by circumstantial evidence.@).








In
this case, appellant=s entering the truck late at
night, his comment about Adriv[ing] this ho,@ and
his searching the truck=s glove compartment, area
behind the passenger seat, and front passenger floorboard comprised
circumstantial evidence that could lead a rational jury to believe that appellant
was aware he did not have consent from the owner to drive the pickup.  

Additionally,
the jury is free to accept or reject the testimony of any witness.  Hernandez v. State, 161 S.W.3d 491,
500 (Tex. Crim. App. 2005); Franklin v. State, 193 S.W.3d 616, 620 (Tex.
App.CFort
Worth 2006, no pet.).  The jury in this
case was therefore not required to believe appellant=s
testimony that he had consent to drive the truck and in fact had reason to
disbelieve him and find that he did not have consent because of his vague
responses about his relationship with Dale. 
The following exchange occurred during the State=s
cross-examination of appellant:

Q.  Where is Dale?

A.  I don=t
know at this time.

. .
. .

Q.  What=s
his last name?

A.  I don=t
know.

Q.  Where does he live?

A.  I don=t
know that either.

Q.  How long have you known him?

A.  Like just don=t
really know him, I just know of him.

. .
. .

Q.  So
you don=t know his last name,
where he lives, or -- do you know where he works?

 








A.  No.

. .
. .

Q.  Who did you meet him through?

A.  I just met him.  Not through anybody, I just met him.

. .
. .

Q.  How long ago?

A.  I
can=t really just say how
long.  I just knew him because I just
seen him.  I can=t just say that.

 

Because of appellant=s
apparent lack of knowledge about Dale, who he claimed gave him consent to drive
the truck, a rational juror could choose to entirely disregard his testimony
and determine that he did not have consent to drive it.[4]  See Johnson, 23 S.W.3d at 7
(reiterating that the fact finder is the sole judge of a witness=s
credibility).

Finally,
the jury also had reason to find that appellant=s
testimony was not credible because it heard evidence of appellant=s
prior convictions when he testified.  See Tex. R. Evid. 609(a); Jackson v.
State, 50 S.W.3d 579, 591 (Tex. App.BFort
Worth 2001, pet. ref=d).  The State presented evidence that appellant
was previously convicted of unauthorized use of a motor vehicle, burglary of a
habitation, burglary of a vehicle, delivery and possession of a controlled
substance, and assault causing bodily injury to a family member.








For
all of these reasons, we hold that the evidence detailed above, when viewed in
the light most favorable to the prosecution, could enable a rational trier of
fact to find beyond a reasonable doubt that appellant committed the essential
elements of the crime.  The evidence is
legally sufficient.  Further, when the
same evidence, including appellant=s
testimony that he had consent to drive the truck (which was the sole evidence
tending to contradict the jury=s
verdict), is viewed in a neutral light, it is not so weak as to cause appellant=s
conviction to be clearly wrong or manifestly unjust.  The evidence is factually sufficient.  We overrule both of appellant=s
points.

Conclusion

Having
overruled appellant=s points, we affirm the
trial court=s
judgment.

 

TERRIE LIVINGSTON

CHIEF JUSTICE

 

PANEL:  LIVINGSTON, C.J.; GARDNER and MEIER, JJ.

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  June 17, 2010











[1]See Tex. R. App. P. 47.4.





[2]The truck has a
cellular modem that activates when a door is opened and that communicates with
a computer that the police monitor.





[3]Appellant does not
contest the State=s assertion that
Detective Harter was the Aowner@ of the truck at the
time appellant drove it because Detective Harter had a Agreater right to
possession@ of the truck than
appellant.  See Tex. Penal Code
Ann. ' 1.07(a)(35)(A)
(Vernon Supp. 2009).





[4]No one named Dale or
anyone else other than appellant testified that appellant had been given
consent to drive the truck.