

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-09-181-CR

CARLTON R. LACY                                                    APPELLANT

V.

THE STATE OF TEXAS                                                      STATE

------------

## FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Carlton R. Lacy appeals his conviction for unauthorized use of a motor vehicle. *See* Tex. Penal Code Ann. § 31.07(a) (Vernon 2003). In two points, he contends that the evidence is legally and factually insufficient to sustain the conviction. We affirm.

---

[1] *See* Tex. R. App. P. 47.4.

## Background Facts

Fort Worth Police Department Detective Joel Harter is part of an auto theft task force that, in conjunction with Arlington police, participates in the Covert Organized Bait, Recovery and Apprehension (COBRA) program. COBRA aims to catch car thieves in high crime areas by planting unlocked cars that have keys inside and are equipped with cameras and microphones. Officers then wait for someone to steal such a car, at which point the car's monitoring system activates to record and track the location of the car and driver until an arrest is made.

In 2008, Detective Harter deployed a 1992 pickup truck that had large chrome wheels and keys on the front bench seat as a bait car. More than twenty-four hours later, at night, appellant entered the truck, which automatically triggered its monitoring system.[2] The system recorded appellant saying he was "going to drive this ho," digging around in the glove compartment, seats, and floorboards of the truck, and driving the truck for several minutes. Detective Harter received notice that the truck had been activated, began to track the truck using his computer, and notified dispatch of the activation. Dispatch told patrol units that a bait car had been activated. Fort Worth Police Department Officer Rene Frias pulled the truck over and arrested appellant, who was still driving.

---

[2] The truck has a cellular modem that activates when a door is opened and that communicates with a computer that the police monitor.

A Tarrant County grand jury indicted appellant for unauthorized use of a motor vehicle; the indictment included an enhancement notice based on appellant's two previous felony convictions. At trial, appellant pled not guilty. He testified that he did not know that he did not have consent to drive the truck, that he needed a ride home, and that "a guy named Dale" told him that the pickup was his and that appellant could use it to drive home. After the parties presented evidence and closing arguments, the jury found appellant guilty. Appellant pled true to the indictment's enhancement allegations, and the jury assessed his punishment at eleven years' confinement. The trial court sentenced appellant accordingly, and he filed notice of this appeal.

**Evidentiary Sufficiency**

**Standards of review**

In reviewing the legal sufficiency of the evidence to support a conviction, we view all of the evidence in the light most favorable to the prosecution in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Clayton*, 235 S.W.3d at 778.

The trier of fact is the sole judge of the weight and credibility of the evidence. *See* Tex. Code Crim. Proc. Ann. art. 38.04 (Vernon 1979); *Brown v. State*, 270 S.W.3d 564, 568 (Tex. Crim. App. 2008), *cert. denied*, 129 S. Ct. 2075 (2009). Thus, when performing a legal sufficiency review, we may not re-evaluate the weight and credibility of the evidence and substitute our judgment for that of the factfinder. *Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999), *cert. denied*, 529 U.S. 1131 (2000). Instead, we "determine whether the necessary inferences are reasonable based upon the combined and cumulative force of all the evidence when viewed in the light most favorable to the verdict." *Hooper v. State*, 214 S.W.3d 9, 16–17 (Tex. Crim. App. 2007). We must presume that the factfinder resolved any

4

conflicting inferences in favor of the prosecution and defer to that resolution. *Jackson*, 443 U.S. at 326, 99 S. Ct. at 2793; *Clayton*, 235 S.W.3d at 778.

The standard of review is the same for direct and circumstantial evidence cases; circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor. *Clayton*, 235 S.W.3d at 778; *Hooper*, 214 S.W.3d at 13. In determining the legal sufficiency of the evidence to show an appellant's intent, and faced with a record that supports conflicting inferences, we "must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflict in favor of the prosecution, and must defer to that resolution." *Matson v. State*, 819 S.W.2d 839, 846 (Tex. Crim. App. 1991).

When reviewing the factual sufficiency of the evidence to support a conviction, we view all the evidence in a neutral light, favoring neither party. *Steadman v. State*, 280 S.W.3d 242, 246 (Tex. Crim. App. 2009); *Watson v. State*, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006). We then ask whether the evidence supporting the conviction, although legally sufficient, is nevertheless so weak that the factfinder's determination is clearly wrong and manifestly unjust or whether conflicting evidence so greatly outweighs the evidence supporting the conviction that the factfinder's determination is manifestly unjust. *Steadman*, 280 S.W.3d at 246; *Watson*, 204 S.W.3d at 414–15, 417. To reverse under the second ground, we must determine, with some objective basis in the record, that the great weight and preponderance of

5

all the evidence, although legally sufficient, contradicts the verdict. *Watson*, 204 S.W.3d at 417.

Unless we conclude that it is necessary to correct manifest injustice, we must give due deference to the factfinder's determinations, "particularly those determinations concerning the weight and credibility of the evidence." *Johnson v. State*, 23 S.W.3d 1, 9 (Tex. Crim. App. 2000); *see Steadman*, 280 S.W.3d at 246. Evidence is always factually sufficient when it preponderates in favor of the conviction. *Steadman*, 280 S.W.3d at 247; *see Watson*, 204 S.W.3d at 417. A factual sufficiency review of circumstantial evidence is the same as a review of direct evidence. *King v. State*, 29 S.W.3d 556, 565 (Tex. Crim. App. 2000); *Kutzner v. State*, 994 S.W.2d 180, 184 (Tex. Crim. App. 1999) (reasoning that "[c]ircumstantial evidence, by itself, may be enough to support the jury's verdict").

**Applicable law and analysis**

To prove unauthorized use of a motor vehicle, the State was required to show that appellant intentionally or knowingly operated the pickup without the effective consent of its owner. *See* Tex. Penal Code Ann. § 31.07(a); *Denton v. State*, 880 S.W.2d 255, 257 (Tex. App.—Fort Worth 1994), *aff'd*, 911 S.W.2d 388 (Tex. Crim. App. 1995). Thus, the State had to establish three elements: (1) appellant operated the truck, (2) he knew he was operating the truck, and (3) he did so without the permission of the owner. *McQueen v. State*, 781 S.W.2d 600, 602 (Tex. Crim. App.

6

1989).  Furthermore, the State also had to show that appellant was aware that he did not have the owner's effective consent at the time of operation.  *Id.*

In his two related points, appellant contends only that the evidence is legally and factually insufficient to prove that he knew that he did not have the owner's permission to drive the truck.[3]  He argues that because the only direct evidence as to whether he knew he had consent to drive the truck is his own testimony that he did have consent, the State failed to uphold its burden.  We disagree.

Direct evidence is not the only evidence the jury may use to make its determination; circumstantial evidence may also be used to determine that the defendant was aware that he did not have consent from the owner.  *See Walker v. State*, 846 S.W.2d 379, 382–83 (Tex. App.—Houston [14th Dist.] 1992, pet. ref'd); *Coleman v. State*, 802 S.W.2d 394, 395 (Tex. App.—Dallas 1990, no pet.); *Daugherty v. State*, 652 S.W.2d 569, 577 (Tex. App.—Fort Worth 1983, pet. ref'd) ("[P]roof of lack of consent . . . may be made by circumstantial evidence the same as any other issue in a criminal case may be proved by circumstantial evidence.").

In this case, appellant's entering the truck late at night, his comment about "driv[ing] this ho," and his searching the truck's glove compartment, area behind the passenger seat, and front passenger floorboard comprised circumstantial evidence

---

[3] Appellant does not contest the State's assertion that Detective Harter was the "owner" of the truck at the time appellant drove it because Detective Harter had a "greater right to possession" of the truck than appellant.  *See* Tex. Penal Code Ann. § 1.07(a)(35)(A) (Vernon Supp. 2009).

7

that could lead a rational jury to believe that appellant was aware he did not have consent from the owner to drive the pickup.

Additionally, the jury is free to accept or reject the testimony of any witness. *Hernandez v. State*, 161 S.W.3d 491, 500 (Tex. Crim. App. 2005); *Franklin v. State*, 193 S.W.3d 616, 620 (Tex. App.—Fort Worth 2006, no pet.). The jury in this case was therefore not required to believe appellant's testimony that he had consent to drive the truck and in fact had reason to disbelieve him and find that he did not have consent because of his vague responses about his relationship with Dale. The following exchange occurred during the State's cross-examination of appellant:

> Q. Where is Dale?
>
> A. I don't know at this time.
>
> . . . .
>
> Q. What's his last name?
>
> A. I don't know.
>
> Q. Where does he live?
>
> A. I don't know that either.
>
> Q. How long have you known him?
>
> A. Like just don't really know him, I just know of him.
>
> . . . .
>
> Q. So you don't know his last name, where he lives, or -- do you know where he works?

8

A. No.

. . . .

Q. Who did you meet him through?

A. I just met him. Not through anybody, I just met him.

. . . .

Q. How long ago?

A. I can't really just say how long. I just knew him because I just seen him. I can't just say that.

Because of appellant's apparent lack of knowledge about Dale, who he claimed gave him consent to drive the truck, a rational juror could choose to entirely disregard his testimony and determine that he did not have consent to drive it.[4] *See Johnson*, 23 S.W.3d at 7 (reiterating that the fact finder is the sole judge of a witness's credibility).

Finally, the jury also had reason to find that appellant's testimony was not credible because it heard evidence of appellant's prior convictions when he testified. *See* Tex. R. Evid. 609(a); *Jackson v. State*, 50 S.W.3d 579, 591 (Tex. App.–Fort Worth 2001, pet. ref'd). The State presented evidence that appellant was previously convicted of unauthorized use of a motor vehicle, burglary of a habitation, burglary of a vehicle, delivery and possession of a controlled substance, and assault causing bodily injury to a family member.

---

[4] No one named Dale or anyone else other than appellant testified that appellant had been given consent to drive the truck.

For all of these reasons, we hold that the evidence detailed above, when viewed in the light most favorable to the prosecution, could enable a rational trier of fact to find beyond a reasonable doubt that appellant committed the essential elements of the crime.  The evidence is legally sufficient.  Further, when the same evidence, including appellant's testimony that he had consent to drive the truck (which was the sole evidence tending to contradict the jury's verdict), is viewed in a neutral light, it is not so weak as to cause appellant's conviction to be clearly wrong or manifestly unjust.  The evidence is factually sufficient.  We overrule both of appellant's points.

## Conclusion

Having overruled appellant's points, we affirm the trial court's judgment.


TERRIE LIVINGSTON
CHIEF JUSTICE


PANEL:  LIVINGSTON, C.J.; GARDNER and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  June 17, 2010