**AFFIRM; and Opinion Filed October 3, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-17-01061-CR

**ANGELA MARIE DODD, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 296th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 296-82226-2015**

## MEMORANDUM OPINION

Before Justices Lang, Fillmore, and Schenck
Opinion by Justice Fillmore

Angela Marie Dodd waived her right to a jury and pleaded not guilty to the offense of

unauthorized use of a motor vehicle (UUMV). *See* TEX. PENAL CODE ANN. § 31.07(a) (West

2016). After finding Dodd guilty, the trial court assessed punishment of two years' confinement,

suspended the sentence, and placed Dodd on community supervision for four years. Dodd

contends the evidence is insufficient to support the conviction because the State failed to prove

she operated the vehicle without the effective consent of the owner. We affirm the trial court's

judgment.

### Background

Two or three weeks after Dodd and Matthew Berry began dating in the summer of 2014,

Berry began living with Dodd in her apartment. Berry owned a 2006 Nissan Frontier truck that

Dodd had access to while the two were living together. Because Dodd did not own a vehicle, Berry allowed her to drive his truck to work and on errands when he was not using it. Prior to driving the truck, Dodd would confirm that Berry did not need to use it.

At some point in late 2014 or early 2015, Berry moved out of Dodd's apartment and began living with Missy Noe.[1] Berry took his truck and some of his clothes to Noe's house, but many of Berry's belongings, including a set of keys to the truck, were still at Dodd's apartment. At approximately 8:00 p.m. on February 21, 2015, Berry's truck was parked in the driveway behind Noe's house that led to the garage. Berry testified he was sitting on his motorcycle in the garage smoking a cigarette when he heard the truck door open and saw the dome light come on in the truck. Berry ran out of the garage and saw Dodd sitting in the driver's seat of the truck. According to Berry, he tried to open the door of the truck, but it was locked. He "beat" on the window and yelled for Dodd to get out of the truck. Berry testified that, although Dodd did not look directly at him, his conduct "stalled" her and "she kind of got spooked." Dodd started the truck and "took off." According to Berry, Dodd had not called and requested that she be allowed to use the truck and he had not given his consent for her to take the truck.

After contacting Dodd's uncle for assistance in getting Dodd to return the truck, Berry called the police. Before the police officers left Noe's house, Berry exchanged a series of text messages with Dodd about the truck. In her text messages, Dodd denied having the truck and stated she did not know the location of the truck.[2] She also stated that, "Possession is 9 tenths of the law baby[;] you gave me keys to it[,] how do I not have the right to come and get it?"

[1] Dodd and Berry dispute when he moved out and who initiated the move.

[2] Dodd testified she was not sure the texts occurred following the February 21, 2015 incident because there had been a previous occasion while she was living with Berry during which he requested that she return his truck and threatened to call the police. However, the text messages were provided by Berry to the officer investigating the February 21, 2015 incident, and Dodd admitted that, during the prior incident, she did not deny that she had Berry's truck.

Dodd testified that, on February 21, 2015, she and Berry were "taking a break," but she expected they would reconcile. Dodd saw a weather forecast indicating it would be much colder on Sunday, February 22nd, and called Berry to ask if he needed the truck. Berry responded that he was not working on Sunday. Because that was "how the conversation typically went," Dodd thought she had Berry's consent to use the truck. Dodd admitted that she did not ask Berry if she could take the truck on February 21st and did not hear him say that she could take the truck. Further she did not tell Berry she was going to take the truck. However, according to Dodd, "at no point" did Berry tell her that she was "not to take his truck anymore."

A friend drove Dodd to Noe's house on the evening of February 21st. Dodd did not knock on either the front or the back door of the house to tell anyone that she was taking the truck. Dodd admitted she "got in the truck and just drove off." Dodd testified that she did not see Berry. Because Berry "changed his mind," Dodd told him later that evening that he could come get the truck. Berry did not do so, and Dodd drove the truck to work the following day.

Detective Robert Henbest of the Allen Police Department testified that, on February 22nd, Berry's truck was located approximately a half-a-mile from Dodd's place of employment. After confirming the truck was registered to Berry and that Dodd's name was not on the registration, Detective Henbest contacted Dodd about giving a statement. Dodd declined to come to the police station, but admitted to Detective Henbest that she had taken the truck to drive to work and to use while at work to deliver items to customers. Dodd stated that, because she had keys to the truck, she had Berry's consent to take the truck. Detective Henbest also had a telephone conversation with Berry during which they discussed Berry retrieving his property from Dodd's apartment. Berry was concerned he might do something wrong and did not want to go to Dodd's apartment "without reporting it." Berry indicated another officer had told him that, if he had a key to Dodd's apartment, he would be considered a resident and would have Dodd's consent to go into the

apartment. Detective Henbest mentioned to Berry that was the same logic Dodd was using in claiming she could access Berry's truck because she had a key.

## Analysis

Dodd's sole complaint on appeal is that the evidence is insufficient to support the conviction because the State failed to prove she did not have Berry's consent to operate the truck. We review the sufficiency of the evidence under the standard set out in *Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979). *Fernandez v. State*, 479 S.W.3d 835, 837 (Tex. Crim. App. 2016). We consider whether, after viewing all the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Zuniga v. State*, 551 S.W.3d 729, 732 (Tex. Crim. App. 2018). We must defer "to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Zuniga*, 551 S.W.3d at 732 (quoting *Jackson*, 443 U.S. at 319). When there is conflicting evidence, we presume the factfinder resolved the conflict in favor of the verdict and defer to that resolution. *Jackson*, 443 U.S. at 326; *Zuniga*, 551 S.W.3d at 733. We may not substitute our judgment for the factfinder's determinations of credibility. *Jackson*, 443 U.S. at 319; *Nisbett v. State*, 552 S.W.3d 244, 262 (Tex. Crim. App. 2018) ("An appellate court cannot act as a thirteenth juror and make its own assessment of the evidence."). "Direct evidence and circumstantial evidence are equally probative, and circumstantial evidence alone may be sufficient to uphold a conviction so long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction." *Zuniga*, 551 S.W.3d at 733; *see also Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007).[3]

---

[3] *See Coleman v. State*, 802 S.W.2d 394, 395 (Tex. App.—Dallas 1990, no pet.) (concluding that circumstantial evidence was sufficient to support jury's determination appellant operated motor vehicle without effective consent of owner); *Venzant v. State*, No. 01-15-00297-CR, 2016 WL 3569760, at *5 (Tex. App.—Houston [1st Dist.] June 30, 2016, no pet.) (mem. op., not designated for publication).

As relevant to this appeal, a person commits the offense of UUMV if she intentionally or knowingly operates another's motor-propelled vehicle without the effective consent of the owner. TEX. PENAL CODE ANN. § 31.07(a). Operating a motor vehicle is unlawful only if the accused is aware that the operation is without the owner's consent. *McQueen v. State*, 781 S.W.2d 600, 603 (Tex. Crim. App. 1989); *Battise v. State*, 264 S.W.3d 222, 227 (Tex. App.—Houston [1st Dist.] 2008, pet. ref'd).[4] Testimony that the owner of the vehicle did not give consent may be sufficient to support a finding the defendant knew that she did not have consent to operate the vehicle. *McQueen*, 781 S.W.2d at 604–05; *Battise*, 264 S.W.3d at 227.[5] It is a defense to prosecution that the defendant "through mistake formed a reasonable belief about a matter of fact if his mistaken belief negated the kind of culpability required for commission of the offense." TEX. PENAL CODE ANN. § 8.02(a) (West 2011). However, the factfinder is free to reject evidence that a defendant mistakenly believed she had consent based on the circumstances surrounding the operation of the vehicle. *McQueen*, 781 S.W.2d at 605; *Battise*, 264 S.W.3d at 227.[6]

Berry testified he did not talk to Dodd after he moved out of her apartment and did not give consent for her to drive his truck on February 21, 2015. Further, when he saw Dodd in the driver's seat of the truck, he tried to open the locked door of the vehicle, beat on the window, and yelled at Dodd to get out of the truck. According to Berry, his conduct caused Dodd to hesitate, indicating Dodd was aware of Berry's actions. Berry subsequently sent text messages to Dodd requesting that she return the truck. Dodd first lied, stating that she did not have the truck, and then responded that, because she had the keys, she had a right to "come and get it."

---

[4] *See also Lee v. State*, No. 05-14-01599-CR, 2016 WL 447532, at *1 (Tex. App.—Dallas Feb. 4, 2016, no pet.) (mem. op., not designated for publication).

[5] *See Lee*, 2016 WL 447352, at *1.

[6] *See Lee*, 2016 WL 447352, at *2.

Dodd admitted she took the truck without explicitly asking Berry if she could do so and without Berry expressly telling her that she could use the truck. Dodd testified she believed that she had Berry's consent to take the truck based on their prior relationship, a conversation in which she asked Berry if he needed the truck and he responded he was not working on Sunday, her belief that she had Berry's consent to use the truck because she had a set of keys to the truck, and Berry's belief that he could enter her apartment because he had a key.

The trial court was the sole judge of the credibility of the witnesses and was free to disbelieve Dodd's testimony about the alleged conversation with Berry and the other circumstances surrounding her taking of the truck. Further, the trial court not only could have found credible Berry's testimony that he did not give Dodd consent to take the truck but also reasonably inferred, based on Berry's testimony that, when he saw Dodd taking the truck, he beat on the window and yelled for her to get out of truck, that Dodd was aware she did not have his consent to take the truck. Viewing the evidence in the light most favorable to the verdict, we conclude there was sufficient evidence for a rational trier of fact to find that Dodd intentionally or knowingly operated the truck without Berry's effective consent. We resolve Dodd's issue against her and affirm the trial court's judgment.


/Robert M. Fillmore/
ROBERT M. FILLMORE
JUSTICE


Do Not Publish
TEX. R. APP. P. 47.1

171061F.U05



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

ANGELA MARIE DODD, Appellant

No. 05-17-01061-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 296th Judicial District Court, Collin County, Texas,
Trial Court Cause No. 296-82226-2015,
Opinion delivered by Justice Fillmore.
Justices Lang and Schenck participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 3rd day of October, 2018.